*244
 
 Reade, J.
 

 There were eighteen persons indicted in this Case. They were citizens of North Carolina, and during the war they enlisted in the Federal service and engaged in a fight with arms, with certain of the home guards in the Confederate service; and some were wounded on both sides.
 

 Several interesting questions were discussed at the bar as to the regularity of the enlistment, and of the swearing and mustering in of the defendants, involving the general question, Whether they were soldiers in the Federal service-at all; and if they were, then, whether they were acting under orders or were marauders.
 

 But we are relieved from deciding these complex and embarrassing questions by reason of the fact that, since the-trial below, the Legislature has passed an act of amnesty and pardon, which embraces this case. We did, indeed, so-far consider the facts as to enable us to determine that the | defendants are not
 
 dearly
 
 entitled to an acquittal upon the I merits; because if they are they would be entitled to a Snew trial to save the costs. But it is evident that their guilt
 
 jor
 
 innocence is involved in much doubt, and we can see ne jgood likely to result from another trial.
 

 The conflict of arms and political disturbances through which we have passed have troubled society to its deep foundations. Those who are now neighbors have lately been in armed hostility, and met each other with deadly purpose; property and lives have been sacrificed; those who were in command had to compel obedience, and were sometimes too imperious; those who had to serve were worn out and irritable, and sometimes resistant; the rapacious plundered and the innocent suffered. Every one has something unpleasant to remember, and many have wrongs to revenge. Criminal prosecutions and civil suits necessarily spring out of such a past. The details, not to say the exaggerations of irritating facts, the conflict of witnesses, the discussions between zealous advocates, the denunciations of
 
 *245
 
 parties, the hazard of costs and damages, and the inflictions-of punishments, would not only keep alive these evils, but would cause them to spread into a pestilence. While so many have injuries to revenge, quite as many have errors to regret; and it will be a great public good if the past can be forgiven and forgotten. In view of this the Legislature, at its present session, passed the following act:
 

 Be it enacted by the General Assembly of the State of North Carolina, and it is hereby enacted by the authority of the same,,
 
 That no persons who may have been in the civil or military service of the State, as officers or soldiers of the militia, or soldiers of the home guard, officers and soldiers of the local police, officers and soldiers of the late Confederate States,, or as officers and soldiers of the United States, shall be held to answer on any indictment, for any act done in the discharge of any duties imposed on them, purporting to be by a law of the State or late Confederate States Government, or by virtue of any order emanating from any officer commissioned or non-commissioned of the late Confederate States Government, or any officer commissioned or non-commissioned of the United States Government. That no one of the above named officers or privates who now are or may hereafter be indicted for any homicides, felonies or misdemeanors committed prior to the first day of January,-A. D.r 1866, shall be held to answer for the same, but shall be entitled to a full and complete amnesty, pardon and discharge from the same, upon the payment of the costs;
 
 provided,
 
 they shall not be taxed with the payment of the costs upon any indictment preferred against them from and after the passage of this bill, or in other words, that no officers or privates in any of the above named organizations, against whom no indictment is now pending, shall be liable to prosecution for any offence committed against the criminal
 
 *246
 
 laws of North Carolina prior to the first day of January, A. D. 1866, as aforesaid.
 

 Be it further
 
 enacted, That in all cases where indictments ■are now pending, either in the County or Superior Courts, if the defendant can show that he was an officer or private in either of the above named organizations at the time, it shall be presumed that he acted under orders, until the con- , trary shall be made to appear.
 

 Be it further enacted,
 
 That all private citizens, who, on •account of age, or from any other cause, were exempt from service in any or all of the above named organizations, who, for the preservation of their lives or property, or for the protection of their families, associated themselves together for the preservation of law and order, in their respective counties or districts, shall be entitled to all the benefits and provisions of this act.
 

 Be it further enacted]
 
 That no person who may have been in the civil or military service of the State or late Confederate States Government, or in the service of the United States Government, in either of the above named organizations, shall be held liable in any civil action for any act done In the discharge of any duties imposed upon him by any law or authority purporting to be a law of the State or late Confederate States Government.
 

 Be itfurther enacted,
 
 That this act shall be in force from and after its ratification.
 

 Legislation of this kind has not been unfrequent, when -occasions of great strife have made it proper. It is genererally applied to whole classes for the purpose of restoring tranquility in the State. It is the gracious act of the gov-ernment towards its erring subjects. It is the most amiable prerogative of the government. Law cannot be formed on principles of compassion to guilt. The rugged task of con
 
 *247
 
 demning and punishing is for the courts. The gracious act of forgiving is for the crown. 4 Black, 401.
 

 Pardon and amnesty are not precisely the same. A pardon is granted to one who is certainly guilty, sometimes before, but usually after conviction. And the court takes no notice of it, unless pleaded, or in some way claimed by the person pardoned; and it is usually granted by the crown or by the executive. But amnesty is to those who may be guilty, and is usually granted by Parliament, or the Legislature ; and to whole. classes, before trial. Amnesty is the abolition or oblivion of the offense; pardon is its forgiveness. The act under consideration is both. It is most beneficially intended, as it is well calculated to lull strife to sleep. It embraces all who may be supposed to have committed crimes or injuries by reason of their connection with the late war, whether they were officers or privates, whether they were of the Federal or Confederate forces, and whether they have been convicted or not. The propriety of embracing those of both armies is apparent from the facts of this case. Those who were engaged in the fight were neighbors, and must meet each other, and live together either in oblivion and forgiveness of the past, or in hatred and strife. And, besides, it is to be expected, as it is desirable, that those of the opposing sections who are not now neighbors, will, in many instances, become
 
 so
 
 by removals; and the intercourse of a common people, and the duties of a common government will often throw them together.
 

 If there were doubts whether the act embraces these defendants by reason of any technical defects in their enlistment into service, we should still be inclined to give them its benefits, as acts of grace are to be construed liberally in favor of the subjects, it being the highest respect to the government to suppose that its most amiable prerogative is not exercised sparingly And it will tend much to induce
 
 *248
 
 repose in the public mind, that liabilities for war-crimes and redress for war-injuries are not to be thought of, and need not be discussed either in private or public. Ordinarily, a pardon must be pleaded at the trial or claimed after conviction, and a failure to do so is a waiver of its benefits. But a general act of amnesty and pardon must be taken notice of by the courts like any other public law. It cannot even ¡'be waived by the persons embraced.
 

 This opinion must be certified to the court below, to the end that the defendants- may be discharged, upon the payment of costs.
 

 We perceive no error in the record.
 

 Per Curiam. There is no error.