## THE STATE *v.* JOHN HORTON.

If a bill of indictment be endorsed " a true bill," by mistake, when the Grand Jury had ordered their Clerk to endorse it "*not* a true bill," the defendant may show that fact by affidavit or otherwise, either upon a motion to quash or upon a plea in abatement, and thereupon the indictment should be quashed.

(*State* v. *Cain*, 1 Hawks, 352, *State* v. *Roberts*, 2 D. & B. 542, and *State* v. *Barnes*, 7 Jon. 20, cited and approved.)

AFFRAY, before *Henry, J.*, at WATAUGA, Spring Term, 1869.

The defendant moved to quash the indictment, and offered to show that the endorsement, " a true bill," was entered by a mistake of the clerk of the grand jury, the finding having really been "*not* a true bill."

His Honor directed the defendant to file a plea in abatement to that effect, which having been done the Solicitor demurred.

Judgment for the defendant, and Appeal by the State.

*Attorney General*, for the State.

No counsel *contra.*

READE, J. Undoubtedly one can not be put on trial for a crime before a true bill has been found against him by the

grand jury; and whether a true bill has been found, is, of course, a question of fact to be determined by the Court before the defendant can be required to appear and make defense. The indictment itself, with the endorsement of the grand jury, returned in open Court, is the usual evidence of the fact; and when the Court receives the indictment with the endorsement, it becomes a part of the judicial proceedings in the case, and the defendant is put on trial before the petit jury. But the defendant has a right first to enquire whether he has been charged by the grand jury. The indictment endorsed " a true bill," is *prima facie* sufficient, but it would be strange if that which was done in his absence were conclusive. He has the right to allege and to prove that no true bill has been found, and to have that which falsely purports to be such, quashed, and to be discharged. In Bishop's Criminal Law, sec. 448, it is said: " It has sometimes been laid down, and it is the doctrine which seems to prevail in some of our States, that the motion to quash can be founded only on some defect apparent on the face of the indictment. Indeed, this is everywhere a sort of general rule; but the better doctrine is, that the Court in its discretion will look into what is brought to its attention outside the indictment, and even outside the record in the cause. Thus the prosecuting attorney may admit the existence of a fact, or the fact may be made to appear on affidavit; and in either case, the extrinsic matter will be considered in connection with the indictment, as constituting the basis for a motion to quash." In support of this the author quotes *State* v. *Cain*, 1 Hawks, 352; in which case the indictment was quashed on a motion of the the defendant, upon the admission of the prosecuting attorney that the bill was found upon the testimony of one of the grand jurors who had not been sworn in Court and sent in as a witness. In the subsequent cases of *State* v. *Roberts*, 2 Dev. & Bat., 542; and *State* v. *Barnes*, 7 Jon. 20, the doctrine is sustained, and it is said that a motion to quash, or a plea in abatement will lie.

In the case before us, therefore, the matter might have been

heard either upon the motion to quash, or upon the plea, and upon the fact appearing to be that the grand jury had really found " not a true bill," the defendant ought to have been discharged. But as the indictment was against the defendant and another, and as quashing it as to one might have affected it as to the other, and, indeed, in all cases where such a defect as in this case appears, it would be better practice to call the foreman of the grand jury, and let him make the return speak the truth. In the absence of the foreman, proof might be made in any other legitimate mode, the correction made, and the defendant discharged. In this case the fact being as alleged, the defendant was entitled to be discharged, and as that would have been the effect of his Honor's ruling, there is no error.

This will be certified, &c.

PER CURIAM.           No error.