STATE v. JESSE DAVIS.

*Discharge of Jury before Verdict—Challenges—Weight of Evidence—Amendment.*

1. On trial for a capital felony a juror was withdrawn and a new trial granted at the request and by the consent of the prisoner and his counsel at 12 o'clock on Saturday night of the second week of the term ; *Held,* that the prisoner was not entitled to be discharged.

2. A prisoner charged with a capital felony has no right to more than twenty-three peremptory challenges to the jury.

3. Whether the verdict in a criminal action is contrary to the weight of evidence is a matter addressed to the discretion of the presiding judge, and not reviewable.

STATE *v.* DAVIS.

4. It is competent to a court to amend its record so as to make it speak the truth.

5. An indictment concluding against the "force" instead of the "form" of the statute is sufficient. Bat. Rev., ch. 33, §§ 60, 66.

(*State* v. *Wiseman*, 68 N. C., 203; *Alman's case*, 64 N. C., 364; *Bailey's*, 65 N. C., 426; *Prince's*, 63 N. C., 529; *Ephraim's*, 2 Dev. & Bat., 162; *Spier's*, 1 Dev., 491; *Storkey's*, 63 N. C., 7; *King's*. 5 Ire., 203; *Smith's*, 63 N. C., 234; *Tribatt*, 10 Ire., 151; *Jefferson*, 66 N. C., 309; cited, commented on and approved.)

INDICTMENT for Rape tried at Fall Term, 1878, of JOHNSTON Superior Court, before *Buxton, J.*

This was an indictment for rape found at spring term, 1878, of Franklin superior court, and issue being joined on prisoner's plea of not guilty, a jury were regularly formed and charged to pass on said issue; and the jury not being able to agree on a verdict, were discharged at 12 o'clock Saturday night of the second week of the term and an entry thereof made by the clerk on the record in these words,— "juror withdrawn, mistrial, new trial granted by consent of counsel at 12 o'clock Saturday night of second week of said term."

At fall term of Franklin superior court, the prisoner was brought to the bar of the court, and on motion of the solicitor, in the presence of the prisoner and his counsel. the court ordered that the record of the trial at the said spring term in respect to the mistrial, be amended so as to read thus,—"juror withdrawn, mistrial, new trial granted, in the presence of the prisoner and his counsel, at the request and by the consent of the prisoner and his counsel." This amendment was made without objection so far as the record states, and at the same term of the court, on motion of the prisoner and for cause shown the case was removed for trial to the county of Johnston.

At the fall term of Johnston superior court the prisoner was brought to the bar of the court for trial, and he then

25

and there moved the court for his discharge on the ground that he had once been in jeopardy of his life by the trial had in Franklin superior court at the spring term thereof, and on the further ground that the amendment of the record of Franklin superior court at spring term, 1878, had been made without authority as appeared from the transcript from that court. On consideration of said motion His Honor refused to discharge the prisoner, and ordered the trial to proceed, and prisoner excepted.

In forming the jury the prisoner exhausted the peremptory challenges allowed him by law, and offered to challenge peremptorily other jurors, but His Honor disallowed his challenge, and the jurors were sworn and the prisoner again excepted.

There was no exception to any evidence received or rejected, nor to the directions of the court, and on return of a verdict of guilty, the prisoner moved for a new trial on these grounds :—

1. Because the motion to discharge the prisoner was not allowed.

2. Because the prisoner was not allowed to challenge more than twenty-three jurors, and was forced to trial against his consent.

3. Because the verdict was against the weight of the evidence.

The motion for a new trial was overruled, and the prisoner then moved in arrest of judgment, for that, the indictment concluded against the *force* of the statute instead of against the *form* of the statute, and this motion was also overruled and the prisoner excepted. Verdict of guilty, judgment, appeal by prisoner.

*Attorney General*, for the state.

No counsel in this court for prisoner.

DILLARD, J. (After stating the case.) It is a fundamental principle in criminal procedure that a man shall not be subject for the same offence to be twice put in jeopardy of life or limb, and its authority rests on a clause in the fifth article of the amendments to the constitution of the United States, which being a part of the supreme law of the land, is obligatory on all judicial tribunals, whether state or federal. And if it be not accepted as resting on this basis, it may at least be agreed, that it is a principle of the common law, and as such, of the same force in our state as if made authoritative by our own state constitution. In accordance with this general rule, it is undoubtedly the law as settled by this court in several decisions, that when a jury is sworn and once charged with the case of a prisoner accused of a felony, they cannot be discharged before rendering a verdict, except for sufficient cause constituted by facts found by the judge presiding, and set out on the record, so that the prisoner may have the benefit of a review by this court of the judge's conclusions as a matter of law on the facts found by him. *State* v. *Jefferson,* 66 N. C., 309 ; *State* v. *Wiseman,* 68 N. C., 203 ; *State* v. *Alman,* 64 N. C., 364.

It is thus seen that the general rule admits of exceptions, but how many, and in what cases to be allowed, it is difficult, if not impossible to define precisely ; and therefore we will not undertake to do so, but leave each exception as it shall arise to depend for its legal sufficiency on the facts and circumstances by which it is attended, with this remark, however, that no exception to the general rule, without the consent of the prisoner, ought to be tolerated unless it amounts to a physical necessity or a strong and palpable legal necessity as expressed by this court in the cases of *State* v. *Bailey,* 65 N. C., 426, and *State* v. *Wiseman, supra.*

Such being the strictness of the rule as regards a mistrial by act of the court, *without* the consent of a prisoner, it remains to be considered what is the effect of a mistrial *with*

*the consent* of the prisoner on the right of the state to hold the prisoner, and put him to trial before another jury.

In *Prince's case*, 63 N. C., 529, it was ruled that the prisoners each had the right to use the other for a witness and the solicitor appealed, and a juror was withdrawn and a mistrial had, against the objection of the prisoner; and this court held that there was no reason or cause of necessity to dissolve the jury, and so the prisoner could not be held for another trial. It is to be inferred that it would have been otherwise if the mistrial had occurred on the request or by consent of the accused. In the case of *State* v. *Ephraim*, 2 Dev. & Bat., 162, Judge RUFFIN says, a jury cannot be discharged without the prisoner's consent but for evident, urgent, overruling necessity. In *State* v. *Spier*, 1 Dev., 491, HENDERSON, J., says that modern authorities have introduced the exception, where the discharge takes place with the prisoner's consent, and for his benefit, and this being reasonable and just it may be deemed settled. In the *Kinloch's case*, reported in 1 Bennett & Heard Lead. Cr. Cases, 440, a juror was withdrawn and a mistrial had in order to let in prisoners to plead to the jurisdiction. Afterwards they sought to invoke the principle of once in jeopardy, and it was ruled that the discharge of the jury with their consent disabled them to put up that plea. In 1 Chitty Cr. Law, 630, the doctrine is, that a juror may be withdrawn and the trial put off with the consent of the prisoner. In this case the statement of the record is that a juror was withdrawn and a new trial granted in the presence of the prisoner and his counsel, at the request, or by the consent of the prisoner and his counsel, at 12 o'clock Saturday night of second week of the term; and from the time of this entry on the record, it is to be assumed that the prisoner, represented by his counsel, conceived it to be for his benefit to have a mistrial rather than run the hazard of a coercion of a verdict by confining the jury on his case until the next week. Such discharge of the

STATE *v.* DAVIS.

jury appearing to be reasonable and not unfavorable to the prisoner, we hold there was no error in the court below in overruling the motion for his discharge and putting him on trial again.

As to the error assigned in the refusal of the judge to allow the prisoner more than twenty-three peremptory challenges : The number is fixed by the statute and he appears to have been allowed the number and he has no cause to complain. Bat. Rev., ch. 33, § 77.

There is nothing in the refusal of the court to grant a new trial on the ground that the verdict was contrary to the weight of the evidence, that being a matter of discretion in the court below and not reviewable by us. *State* v. *Storkey,* 63 N. C., 7.

As to the error assigned in the amendment of the entry on the minutes of the spring term, 1878, in relation to the withdrawal of a juror and mistrial : It was competent to the court to make the amendment so that the record when made up should speak the truth, and no court can incidentally question the record as amended in point of verity. *State* v. *King,* 5 Ire., 203.

The prisoner moved in arrest of judgment, for that, the indictment concludes against the *force* of the statute instead of against the *form* of the statute, and His Honor refused the motion. We think the objection is merely formal and not to be regarded, there being enough on the bill of indictment to enable the court to proceed to judgment, and the objection being one of misspelling and fully cured by the acts passed for such defects. Bat. Rev., ch. 33, §§ 60, 66 ; *State* v. *Smith,* 63 N. C., 234 ; *State* v. *Tribatt,* 10 Ire., 151.

There is no error. Let this be certified to the end that the court below may proceed to judgment.