## *STATE v. GEORGE SWEPSON

### *Practice—Removal of Causes.*

1. A cause must be at issue before it can be removed from one county to another for trial, but when the defendant, *ore tenus,* pleads "not guilty" and "former acquittal," the cause is at issue on both pleas, and ready for instant trial, a general replication being implied.

2. The cause being thus at issue, it is error for the court, *ex mero motu,* to remand it for trial to the county from which it was removed.

3. Where there is a defect in the record of the cause as it stood in the county from which it was removed, the proper course is to move an amendment in that county, and, upon suggestion of a diminution of the record, to have the amended record brought up by *certiorari* to the court in which the cause stands for trial.

(*State* v. *Reid,* 1 Dev. & Bat., 377 ; *State* v. *Chavis,* 80 N. C., 353; *State Carroll,* 5 Ire., 139; *State* v. *Lamon,* 3 Hawks, 175; *State* v. *Reeves,* 8 Ire., 19 ; *Murray* v. *Smith,* 1 Hawks, 41, cited and approved.)

---

*Smith., C. J. having been of counsel for the state did not sit on the hearing of this case.

PETITION for *Certiorari*, filed by the State and granted at June Term, 1879, of THE SUPREME COURT.

The indictment was found in Wake (see .same case, 79 N. C., 632) and removed to Franklin for trial, and the case was called at Spring Term, 1879, of FRANKLIN Superior Court, before *Buxton, J.*

The facts are sufficiently set out by Mr. Justice ASHE in delivering the opinion. The state asked for an appeal from an order made by His Honor which was refused, and. the state then applied for a writ of *certiorari* to bring up the record for review.

*Attorney General*, and *A. M. Lewis, Mason & Devereux* and *Gilliam & Gatling*, who prosecuted in the court below, for the State:

*Certiorari* a common law writ before appeal, first, to remove causes, second, to control inferior courts generally or for particular errors of law. 1 Tidd Ch., 15 and 16 ; 3 Bl. Com., 41, 42 ; 4 *Ibid.*, 265, 321 ; 2 Chitty Gen. Pr., 353. Statutes affirming common law, Potter's Revisal, ch. 5, § 2, and chapters 115, 133 and 693 ; Rev. Code, ch. 33, § 6 ; Bat. Rev., ch. 33, § 55 ; ch. 17, § 413 ; see also *Brooks* v. *Morgan*, 5 Ire., 481 ; 13 Ire., 372 ; 7 Ire., 130. As to interlocutory judgments : *State* v. *Jefferson*, 66 N. C., 309 ; *Wiseman*, 68 N. C., 203 ; *McGimsey*, 80 N. C., 382. Removal for trial before issue and for what. *Bailey* v. *Beaumont*, 22 E. C. L. Rep., 415 ; 18 *Ibid.*, 100 ; 22 *Ibid.*, 329 ; 3 B. & Pul., 12; 1 Stanton, 57 ; *Mayor* v. *Proctor*, 1 Wilson, 298 ; 7 Term, 694 and 731 ; 3 East, 330; 1 Chitty Cr. L., 201 and ch. 9 ; 1 Tidd., ch. 25. Statutes in affirmance. Potter's Revisal, ch. 693, § 12 ; Rev. Code, ch. 31, § 115 ; Acts 1874–'75, ch. 19; compare Bat. Rev., ch. 17, § 69. See also *Jones* v. *Frost*, 28 Cal., 245 ; *Bell* v. *Morris*, 15 N. J., 657. As affidavit is no part of record, supreme court cannot know cause of removal. *State* v. *Barfield*, 8 Ire., 344. Order for removal final. *State* v. *Reid*, 1

D. & B., 377. Act remedial and should have liberal construction to effect its purpose. Cause of issue: If replication general. *Rex* v. *Sheen,* 12 E. C. L., 295 ; Whar. Cr. L., §§ 53, 2992, 3000, 3398 ; *State* v. *Carroll,* 5 Ire., 142 ; *State* v. *Christmas,* 4 D. & B., 411. If replication special, a writ of *certiorari* should have issued to Wake for amended record. *State* v. *Munroe,* 8 Ire., 258 ; *State* v. *Craton,* 6 Ire., 164. Power of amendment is in the court. *State* v. *Reid,* 1 D. & B., 377 ; *Ashe* v. *Streater,* 8 Jones, 256 ; *State* v. *Buckley,* 72 N. C., 358. Refusal to make proper amendment as for want of power, erroneous. *Freeman* v. *Morris,* Busb., 287 ; *State* v. *Cherry,* 2 Dev., 550.

*Messrs. Merrimon, Fuller & Ashe, Fowle, Snow* and *Badger,* for defendant.

ASHE, J. This is a criminal action commenced in the criminal court for the county of Wake. The bill of indictment was found by the grand jury of said court at the November term, 1878, and transferred to the superior court of Wake county.

At the January term, 1879, of the superior court of Wake county the case was called and the defendant pleaded "former acquittal" and "not guilty," and without more appearing upon the record, in regard to these pleas, the cause was removed, upon the affidavit of the solicitor to the superior court of the county of Franklin ; and at the spring term, 1879, of said court the case was called and when the state announced itself ready for trial the defendant brought to the attention of the court the fact that there was no replication in the transcript to the defendant's plea of "former acquittal."

The solicitor for the state then moved the court to be permitted to file several replications to the plea of "former acquittal." The motion was refused.

The defendant then moved that the state be required to reply to his plea of "former acquittal, *ore tenus*," in the words, "acquittal obtained *per fraudem*," the defendant alleging that such was the form of the reply actually made at the time of pleading in Wake superior court. This motion was also refused, when His Honor made the following order: "It appearing to the court now here, from an inspection of the transcript of this cause from Wake superior court, that the order for the removal of this cause to this court was made before the pleadings were completed, and that there is no issue to be tried upon the plea of "former acquittal," for the want of a replication thereto, and the counsel in this cause on the part of the state and of the defence being unable to agree upon the character of the replication to supply the defect, it is ordered that this cause be removed to the superior court of Wake county, from which it came." From this order of the court the solicitor for the state prayed an appeal to this court, which was refused by His Honor. The solicitor for the state then had recourse to a *certiorari* by which the case was brought to this court.

1. The sections 115, 116, 117 and 118 of chapter 31 of the Revised Code were omitted in Battle's Revisal and were re-enacted by the act of 1874–'5, with the exception of the latter clause of section 115. The construction put upon these sections of the Revised Code by Ruffin, C. J., in the case of *State v. Reid*, 1 Dev. & Bat., 377, and by all the judges on the circuit, so far as we are informed, has uniformly been that a cause must be put to issue before it can be removed, and the fact that our reports furnish no case where a cause has been removed that was not put to an issue to be tried by jury is strongly confirmatory of the correctness of this construction. Was this cause then at issue in the superior court of Wake? The pleas were "former acquittal" and "not guilty." They were entered *ore tenus*. We are of the opinion the cause was at issue upon both of these pleas. The *similiter* which is but

the general replication to the plea of not guilty is implied, and upon the same principle the general replication to the plea of former acquittal will be implied. "In the case of a plea of *autrefois acquit* a jury are sworn *instanter* to try the issue and therefore there is no replication actually pleaded on the part of the crown, but a replication and *similiter* must be entered upon the record when afterwards made up." Archbold Crim. Pl., 90. In Chitty's Criminal Law, 460 and 461, it is laid down that "where the plea (*autrefois acquit*) has been taken *ore tenus* the replication of the crown may be immediately put in the same way, and issue will be joined and an immediate *venire* awarded. But if the plea be put in writing the replication cannot be *ore tenus* but must be on parchment." According to these authorities then as soon as the plea of *autrefois acquit* is taken *ore tenus,* the cause, without more saying is immediately submitted to the jury, which could not of course be done without an issue.

In the English practice when the plea is taken *ore tenus* and the replication is taken the same way, it need not be entered at the time, but must be when the record comes afterwards to be made up and completed. But in our practice it is different. The omission to enter the *similiter* of record is not error, and the same doctrine must apply to the general replication to the plea of "former acquittal." *State* v. *Chavis,* 80 N. C., 353; *State* v. *Carroll,* 5 Ire., 139; *State* v. *Lamon,* 3 Hawks, 175; *State* v. *Reeves,* 8 Ire., 19.

2. The cause then having been legally at issue in the superior court of Wake county was properly removed to the superior court of Franklin county, and being by the removal regularly constituted in the latter court, it had as full and complete jurisdiction over the case as if it had originated there; and the judge of that court under the circumstances had no right *ex mero motu* to remand it to the county of Wake. After the cause was constituted in the county of Franklin it would of course stand for trial on the issues

made up in the county of Wake, unless the judge presiding in the former court in the exercise of sound discretion, with the view to attain the ends of justice, should see proper to permit other or special replications to be taken to the defendant's plea of former acquittal. He most unquestionably would have such power.

3. The transcript from Wake superior court does not show what replication was taken to the plea of " former acquittal," and we must therefore presume that it was a general replication. But it is insisted by the defendant that in fact a special replication was taken by the state in Wake superior court, and that the case was properly remanded that the record might be properly made up, but that is not the proper course. If there is anything omitted in the record of the cause as it stood in the superior court of Wake, that court has the power to so amend its record as to make it speak the truth; and then after such amendment, upon a suggestion of the diminution of the record in the superior court of Franklin, to have the amended record brought up by *certiorari* from the county of Wake. *State* v. *Reid*, 1 Dev. & Bat., 377; *Murray* v. *Smith*, 1 Hawks, 41.

The order of the judge below remanding this case to the county of Wake is reversed.

PER CURIAM. Error.