## *STATE v. GEORGE W. SWEPSON.

*Appeal — Certiorari — Amendment of Record — Discretionary Power.*

1. A *certiorari*, as a remedial writ, will be granted on behalf of the state in a criminal action. under the supervisory power conferred upon this court by section eight, article four, of the constitution, where it appears in the petition that the superior court, on motion of the state to amend the record of a trial so as to make it speak the truth, refused to hear evidence in support of the motion upon the ground of a want of power.

2. Every court has power to amend its record to make it speak the truth, and for that purpose to hear evidence. But the propriety of the amendment and the particulars wherein it is to be made, are matters addressed to the discretion of the judge, the exercise of which is not reviewable by appeal or *certiorari*.

---

*Smith, C. J., having been of counsel for the state, did not sit on the hearing of this case.

(*State* v. *Lane*, 78 N. C., 547; *Bobbitt*, 70 N. C., 81; *Padgett*, 82 N. C., 544, *Brooks* v. *Morgan*. 5 Ired., 481; *Hartsfield* v. *Jones*, 4 Jones, 310; *Parker* v. *Gilreath*, 6 Ired., 221; *Webb* v. *Durham*, 7 Ired., 130; *Leatherwood* v. *Moody*, 3 Ired., 129; *State* v. *King*, 5 Ired., 203; *Davis*, 80 N. C., 384; *Craton*, 6 Ired., 164; *Reid*, 1 Dev. & Bat., 377; *Stephenson* v. *Stephenson*, 4 Jones, 472; *Bright* v. *Sugg*, 4 Dev., 492; *Winslow* v. *Anderson*, 3 Dev. & Bat., 9; *Anders* v. *Meredith*, 4 Dev. & Bat., 199; *Freeman* v. *Morris*. Busb., 287; *State* v. *Swepson*, 81 N. C., 571, and 82 N. C., 541, cited, commented on and approved.)

MOTION by the state for a *Certiorari* heard at January Term, 1880, of THE SUPREME COURT.

*Attorney General* and *Mason & Devereux*, for the State.
*Messrs. Merrimon, Fuller & Fuller, D. G. Fowle* and *R. C., Badger*, for the defendant.

DILLARD, J. A motion was made in this case at August term, 1879, of Wake superior court to amend the record of the minute docket of spring term, 1875, so as to show that the defendant, Swepson, was not present at the time of the trial, verdict and judgment, then and there had in the case, and the judge presiding refused to hear evidence as to the proposed amendment or to allow the same on the ground of a want of power, and from that judgment the solicitor for the state appealed to this court.

That appeal was held unauthorized and the same dismissed for reasons set forth in the opinion reported in the case, *State* v. *Swepson*, 82 N. C., 541, and thereupon the present application was made for a writ of *certiorari* to remove the said record and proceedings on the motion to amend in said cause into this court, for such action thereon as by law may be authorized. So the only question for our consideration in this petition is as to the right of the state to have the writ prayed for as a substitute for an appeal, or as a remedial writ by which to enable this court to supervise and

rule upon the decision of the superior court to entertain the motion to amend the record on the ground of a want of power.

The jurisdiction of this court is appellate, extending to a review of the errors of law apparent on the record of the judgments of the superior courts; and it is original as advisory in claims against the state, in petitions to rehear its own judgment, and in the supervision and control of inferior courts. And the mode, by which its appellate jurisdiction is called into exercise, is by appeal, which is regulated by statute, and is in place of the writ of error from the King's Bench at law and appeal in chancery under the English system; while in its original jurisdiction, the mode is, in claims against the state as prescribed in the statute, in petitions to rehear as prescribed by the rules of the court, and in the supervision and control of the proceedings of inferior courts by any remedial writs necessary to that end as prescribed in the constitution. Art. IV, § 8.

In this state in criminal actions, the defendant may in all cases appeal and have the judgment against him reviewed for errors of law apparent on the record, or assignable on the statement of the case of appeal, which is in lieu of a bill of exceptions; and so may the state appeal, but the right in the case of the state is without any bill of exceptions, and is restricted by the decisions of this court to errors of law on the face of judgments adverse to the state on demurrer to the indictment, or on motion to quash, or in arrest, or on a special verdict. *State* v. *Swepson,* 82 N. C., 541; *State* v. *Lane,* 78 N. C., 547; *State* y. *Bobbitt,* 70 N. C., 81; *State* v. *Padgett,* 82 N. C., 544. And in case of appeal lost without laches, the accused in all cases, and the state in the instances aforesaid, may have a writ of *certiorari* from this court as a substitute for an appeal.

From these established rights respectively of the state and the defendant, it results the judgment sought to be amend-

ed, being one in favor of defendant on a trial and verdict of a jury, that the case was not one of those in which our decisions allow a right of appeal to the state, either from the original judgment or that of refusal to entertain a motion of amendment of the record, and therefore no appeal lay for the state. But whether a *certiorari* may be issued in such cases to bring up the record for our review of the original judgment as on a writ of error it is not necessary to determine, as we are of opinion that upon the case presented on the petition under consideration, the writ must be ordered upon a distinct ground which will appear in the further discussion of the case.

The court of King's Bench in England always had a superintendency of the inferior courts, moving them to exercise their proper jurisdiction or withholding them from exceeding it, or reversing their judgments, and as a means by which to exert such supervision and control, various remedial writ were used, and among them the *certiorari* in all cases to remove the proceedings from an inferior court of record into that court; for otherwise it would have nothing to act upon, and the proceedings when certified up were the basis of action for a *procedendo*, prohibition, mandamus or reversal for error of law, treating the *certiorari* in the last case as in the nature of a writ of error. 3 Blackstone, 109 to 113, 41 to 43; and 4 *Ibid*, 391, 392; 2 Chitty's Prac., 353, 354; 1 Tidd's Prac., 397, 398, 400 and 715.

This superintending power of the King's Bench rested on the idea of the necessity of such an authority to an orderly exercise of jurisdiction by all the inferior courts within their prescribed limits, and to a uniformity in the administration of the law; and such its power was often referred to in our state, and a similar power was admitted to exist in our supreme court. With us it was held in divers oases that the superior court in the exercise of supervision and control

over other courts inferior to itself, had the right to employ the writs of *recordari* or *certiorari* according to the character of the court whence the proceedings were to be removed, the same being ordinarily used as substitutes for an appeal, but capable of being used, the first, in some cases as a writ of false judgment, and the latter, as in the nature of a writ of error, especially where the right of appeal was not expressly denied, but simply not provided for, among which cases may be cited the following: *Brooks* v. *Morgan,* 5 Ired., 484 and 485; *Hartsfield* v. *Jones,* 4 Jones, 310; *Parker* v. *Gilreath,* 6 Ired., 221; *Webb* v. *Durham,* 7 Ired., 130; *Leatherwood* v. *Moody,* 3 Ired., 129.

In the case of *Brooks* v. *Morgan* Chief Justice RUFFIN, speaking for the court, acknowledged the superior courts to have always exercised a supervision and control here, as did the King's Bench in England, and pronounced the existence of such a power as essential wherever law was the true and only standard of justice, besides being necessary to a uniform and regular administration of the law. And the court there held that in order to the correction of errors of law in the proceedings of the inferior courts, the writ of *certiorari* was the proper means to be used.

In the case of the *State* v. *Swepson,* 81 N. C., 571, removed from Wake to Franklin, the judge held that the case was not at issue before its removal and ordered it to be remanded to Wake county, and no right of appeal from that order existing for the state, the proceedings were brought into this court on *certiorari,* and we held the case to have been at issue and reversed the ruling in the superior court. And but for the existence of a power of supervision in that case, the order of removal being sufficient to put the case out of Wake court, and the court in Franklin having refused to proceed in it, there would have been a total failure of the prosecution without a trial anywhere.

Such a power of supervision and control perhaps exists

in the superior courts under our persent system in respect to the courts inferior to them, but certainly it exists in this court by express grant as contained in our constitution, (Art. IV, § 8) wherein it is provided that besides the appellate powers of the court, it shall have power to issue any remedial writs necessary to its supervision and control of the proceedings in the inferior courts.

Thus it would seem indisputable that the court has the power to supervise and control the proceedings in the superior courts, and to that end may use any writs necessary and proper, of which the writ of *certiorari* is the appropriate one as we have seen.

The grievance in this case is, that on a motion by the state to amend the record of the trial, verdict and judgment of the superior court of Wake at August term, 1875, in the case of the *State* v. *Swepson,* the judge refused to hear evidence in support of the proposed amendment, on the ground of a want of power, and thereupon the only question is, was the refusal to entertain the motion for the reason alleged such an error as to require correction in the exercise of the supervisory power conferred on this court, and is the writ of *certiorari* a fit and proper writ to be issued?

Of the power of the superior court of Wake, and indeed of any court, to amend its records and for that purpose to hear evidence, and thereupon to so amend the record as to make it speak the truth, there can be no doubt. *State* v *King,* 5 Ired., 203; *State* v. *Davis,* 80 N. C., 384; *State* v. *Craton,* 6 Ired., 164; *State* v. *Reid,* 1 Dev. & Bat., 377, and other cases. But it is equally well established that the propriety of an amendment and the particulars wherein it is to be amended are matters discretionary with the judge, and if in the exercise of his discretion, the amendment is refused then no appeal nor *certiorari* in the nature of a writ of error lies to review his judgment. *Stephenson* v. *Stephenson,* 4 Jones, 472; *Bright* v. *Sugg,* 4 Dev., 492; *Winslow* v. *Anderson,* 3 Dev.

& Bat., 9; *Anders* v. *Meredith*, 4 Dev. & Bat., 199; and *Freeman* v. *Morris*, Busb., 287.

If however the judge refuse to entertain a motion to amend and to hear the evidence on the ground of a want of power, then he fails to exercise his discretion, and therein a question of law is made, which is reviewable on appeal where that is allowed; and in state cases where no appeal is allowed, it is an error which may be brought up and reviewed in the exercise of the supervisory power of this court by a writ of *certiorari*, as was done in the case of *State* v. *Swepson*, 81 N. C., 571.

It is our opinion, taking the facts stated in the petition to be true, there was error in the refusal of the judge, on the ground of a want of power, to entertain the motion of the state to amend the record, and being satisfied of our jurisdiction to have the record certified into this court for supervision by us, it is ordered that the writ of *certiorari* prayed for be issued returnable to the next term of this court.

PER CURIAM.                              Motion allowed.