In *State* v. *Swepson,* from Wake: See 83 N. C., 584.

ASHE, J.   At the August term, 1879, of the superior court
for the county of Wake, a motion was made in behalf of
the state to amend the record of the minute docket of spring
term, 1875, so as to show that the defendant, Swepson, was
not present at the time of the trial, verdict and judgment
then and there had in the case; and the judge presiding
refused to hear evidence as to the proposed amendment or
to allow the same, on the ground of the want of power;
and from that judgment the solicitor for the state appealed
to this court.   The appeal was dismissed for the reasons set
forth in the opinion of this court in the case of the *State* v.
*Swepson,* 82 N. C., 541.

The solicitor for the state then, in consequence of that
decision, made application for a writ of *certiorari* to remove
the said record and proceedings, on the motion to amend,
into this court.   The petition for the *certiorari* was heard
at the June term, 1880, of this court; and, after argument,
the writ was ordered, which has brought the record and
proceedings in the case upon the said motion before this
court, which we now proceed to consider.

Judge DILLARD, on the petition for the writ in the case of
*State* v. *Swepson,* 83 N. C., 584, delivered an able and elabo-
rate opinion, in which he concluded that the court below did
possess the power to make the amendment.   In speaking
for the majority of the court, he said:   "The grievance in
this case is, that on a motion by the state to amend the
record of the trial, verdict and judgment of the superior
court of Wake, at August term, 1875, in the case of the
*State* v. *Swepson,* the judge refused to hear evidence in sup-
port of the proposed amendment on the ground of the

want of power; and thereupon the only question is, was the refusal to entertain the motion for the reason alleged, such an error as to require correction in the exercise of the supervisory power conferred on this court, and is the writ of *certiorari* a fit and proper writ to be issued? Of the power of the superior court of Wake, and, indeed, of any court, and for that purpose, to hear evidence, and thereupon to so amend the record as to make it speak the truth, there can be no doubt. *State* v. *King*, 5 Ired., 203; *State* v. *Davis*, 80 N. C., 384; *State* v. *Craton*, 6 Ired., 164; *State* v. *Reid*, 1 Dev. & Bat., 377; and other cases. But it is equally well established that the propriety of an amendment and the particulars wherein it is to be amended, are matters discretionary with the judge; and if, in the exercise of his discretion, the amendment is refused, then no appeal nor *certiorari* in the nature of a writ of error lies to review his judgment. *Stephenson* v. *Stephenson*, 4 Jones, 472; *Bright* v. *Sugg*, 4 Dev., 492; *Winslow* v. *Anderson*, 2 Dev. & Bat., 9; *Anders* v. *Meredeth*, 4 Dev. & Dev., 199; and *Freeman* v. *Morris*, Busb., 287. If, however, the judge refused to entertain a motion to amend and to hear the evidence on the ground of the want of power, then he fails to exercise his discretion; and therein a question of law is made which is reviewable on appeal, when that is allowed; and in state cases when no appeal is allowed, it is an error, which may be brought up and reviewed in the exercise of the supervisory power of this court, by a writ of *certiorari*, as was done in the case of the *State* v. *Swepson*, 81 N. C., 571. It is our opinion, taking the facts stated in the petition to be true, *there was error in the refusal of the judge, on the ground of the want of power, to entertain the motion of the state to amend the record.*"

This opinion of Judge DILLARD, in reference to the power of the court on the subject of amendment, has anticipated that of the court at this stage of the case; and on the principle of "*stare decisis*," we adhere to that decision. The

judge of the superior court has entire discretion over the question. He may hear or refuse testimony and grant or disallow the motion, as he may deem proper. With the exercise of his discretionary powers in this respect we have nothing to do. But we would take this occasion to suggest that when a defendant has been acquitted by the verdict of a jury, it is a power that should be exercised with extreme caution. Being one of those questions of fact which does not necessarily require the intervention of a jury, the judge, in hearing the motion to amend under such circumstances, should be careful to weigh the facts and consider the question in all its legal bearings; for while there is no danger to be apprehended so long as the judicial power rests with such worthy and trusted men as now adorn our superior court bench, we can well conceive how, under the sanction of a hasty and ill-advised precedent, the exercise of such a power in the hands of bad men might be turned to purposes of injustice and oppression.

We hold there is error in the ruling of His Honor in the court below. Let this be certified to the superior court of Wake county, to the end that that court may proceed to exercise its discretion in the matter of the amendment.

Error.                                               Reversed.