## THE STATE v. ALICE HARRISON.

*Amendment—Finding Indictments—Record—Arresting Judgment—Appeal from Inferior Court.*

The defendant was arraigned in the Inferior Court upon an indictment which purported to have been regularly presented by the grand jury as a " true bill;" she pleaded not guilty, but upon trial was convicted; before judgment she moved, upon affidavits, to amend the record so that it would show that no indictment had, in fact, been found; the Court denied the motion because not made in apt time; the defendant then moved to arrest the judgment, which being also denied, and judgment being pronounced, she appealed to the Superior Court, which arrested judgment: *Held—*

1. That while the motion in arrest was properly refused, the Inferior Court erred in not entertaining the motion to amend; it was its duty to cause the record, at any stage of the case, to be corrected so as to speak the truth, and render such judgment as the true record might require.
2. That the Superior Court erred in *arresting* the judgment of the Inferior Court; it should have reversed the judgment of the latter in ruling that the motion to amend was not made in apt time, and remanded the case, with directions to proceed with the hearing of that motion.

This was an APPEAL from the judgment of *MacRae, J.,* rendered at Spring Term, 1889, of EDGECOMBE Superior Court, arresting a judgment in the Inferior Court.

It appears by the record that at August Term, 1888, of the Inferior Court of Edgecombe County, the grand jury returned into Court an indictment, wherein and whereby Alice Harrison, the present appellee, is charged with "attempt to poison," and on the back thereof is the entry, "a true bill."

At the January Term, 1889, of that Court, the said Alice Harrison pleaded to that indictment, "Not guilty." On the trial at the same term, the jury rendered a verdict of guilty. Whereupon she presented before the Court her affidavit, stating, on information, "that the fact has come to her knowledge since the trial of the said cause, that the grand jury never acted upon the bill of indictment upon which she was tried, and hence, no true bill was found against her"; and also the affidavit of Thomas E. Lewis, wherein he says, "that he was foreman of the grand jury of the Inferior Court of Edgecombe County at and during the entire August Term, 1888, and presided over and was present during all the deliberations of said grand jury, and no bill of any kind was acted on by said grand jury against Alice Harrison, and no true bill was returned by the grand jury in such cause; especially no bill was found charging the defendant with attempt to poison Georgia Redman, and no witnesses were

examined by the grand jury in said cause"; upon the same, she moved the Court to amend the record of the August Term, 1888, so as to show that the said indictment was not returned 'a true bill,' nor acted upon by the grand jury." The Court ruled that the motion was not in apt time, and declined further to consider the said motion. The defendant excepted.

The defendant then "moved in arrest of judgment, that there had been no bill of indictment found by the grand jury; that there had been no legal trial; that the Court had no jurisdiction to sentence the defendant, as she had not been tried on a bill of indictment found by the grand jury." The Court denied the motion, and the defendant excepted.

The Court gave judgment against her and she appealed to the Superior Court, and that Court gave judgment, whereof the following is a copy: "It appearing to the Court, from the affidavit of the foreman of the grand jury, that no bill of indictment was found against the defendant, it is therefore ordered and adjudged that the judgment in the action be arrested. Let this be certified to the Inferior Court." Judgment arrested.

From that judgment, the Solicitor for the State appealed to this Court.

*The Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J.—after stating the case: The motion in arrest of judgment should not have been allowed, certainly, in the present state of the record, because the matter assigned as the ground of it did not appear on the face of the record. The grounds of such motions must appear upon the face of the record proper and present, affirmatively or negatively, such fatal defects in it as render it improper to give judgment upon it. The Court seeing such defect will not—can-

not, properly—proceed to judgment. The essential ground-work of it in such cases does not appear, and there is no proper foundation on which it can rest. *State* v. *Potter*, Phil., 338; *State* v. *Bobbitt*, 70 N. C., 81; *State* v. *Roberts*, 2 D. & B., 540; 1 Chit. Crim. Law, 601.

The Superior Court should, however, have sustained the exception to the refusal of the Inferior Court to consider of and grant or deny the motion of the defendant to amend its record in respect to the presentment of the indictment by the grand jury, on the ground that it was not made in apt time; that the Court had power, and it was its duty at all appropriate times, and promptly, to make its record speak the truth. Records are serious things; they import verity, and while they remain they cannot be attacked collaterally. If, by inadvertence, mistake, or fraud, an entry of record has been made which is not, in fact, true—not what the Court intended and directed to be made—then, at once, it should, upon thorough scrutiny, make its record conform to and speak the truth, by striking out the false entry or adding what has been omitted from it. The presumption is that the record as it appears is true, and the Court should not interfere with, or modify it at all, unless, upon thorough inquiry, it shall be satisfied that it ought to do so. *State* v. *Calhoon*, 1 D. & B., 374; *State* v. *Roberts, supra; State* v. *King*, 5 Ired., 203; *State* v. *Davis*, 80 N. C., 384; *State* v. *Swepson*, 81 N. C., 571.

It appears that at once after the verdict of the jury was entered in the Inferior Court, and before judgment, the defendant moved to amend the record by striking from it the indictment, and so much of the entry in respect thereto as showed that it had been duly presented by the grand jury. If the affidavit, produced in support of this motion, satisfied the Court that it was probable that it ought to be allowed, it should have heard it upon its merits and

granted or denied it. The time was not inapt; it was important to delay judgment until the motion could have been heard and determined. If, indeed, the indictment was never presented by the grand jury, as alleged by defendant, then it ought not to appear of record; it should be stricken from it, and, if this was done, then, in that case, the Court would arrest the judgment, because, in the absence of the indictment and the entries in connection with it, there could be no lawful trial and no judgment. In a case like this, if an amendment or correction ought to be made, the Court ought not to hesitate to delay the judgment until the same should be done. *State* v. *Roberts, supra; State* v. *Scott,* 2 D. & B., 35.

Regularly, before the defendant pleaded to the indictment, she should have moved to correct the record, or quash the indictment, or she might have pleaded in abatement. *State* v. *Horton,* 63 N. C., 595; *State* v. *Cain,* 1 Hawks, 352; *State* v. *Barnes,* 7 Jones, 20. It seems, however, that she was not aware that the indictment had not been presented by the grand jury till after the verdict of guilty was entered against her. Then, and in that case, her remedy was the appropriate motion she made to correct the record before judgment, and this the Court should have facilitated in the way already indicated. The Court being satisfied that the indictment had not been presented by the grand jury, might, with a view to justice, have set the verdict aside and allowed the defendant to withdraw her plea of not guilty, to the end she might avail herself of one of the regular remedies we have pointed out. We need not now advert to other possible remedies.

There is error. The judgment of the Superior Court must be set aside, and judgment entered there reversing the judgment of the Inferior Court, and sustaining the defendant's exception to the order of the Court refusing to hear and

determine the motion of the defendant to amend the record upon the ground that the same was not made in apt time. To that end let this opinion be certified to the Superior Court.

Error.