### STATE v. CLYDE BOWMAN.

(Filed 30 October, 1907).

1. Lynching — Legislature — "Oblivion of Offense" — Witness Examined—Incrimination—Pardon.

   Legislation in "abolition or oblivion of the offense" specified, applicable to all in a given class, is valid.   Therefore, when, under Revisal, sec. 3200, *et seq.*, the defendant was summoned, sworn and examined by and for the State touching an alleged lynching under investigation by the court, he shall be altogether pardoned of any and all participation therein under the statute or existing law, whether the evidence elicited from him tends to incriminate him or not.

2. Same.

   Article III, section 6, of the Constitution confers on the Governor the power to exercise clemency after conviction in some particular case and in favor of an individual or individuals especially charged with the offense.   The exercise of such power is an executive act of a *quasi* judicial kind, and does not conflict with or exclude the power of the General Assembly to pass an amnesty act in abolition or oblivion of the offense.

3. Appeal and Error—State Appeal, When.

   The right of appeal on the part of the State is confined to cases specified in Revisal, sec. 3276, being: On special verdicts, upon demurrer, on motion to quash, upon arrest in judgment.

4. Same—Motion to Quash, What Considered—Record, Matters Dehors.

   A motion to quash in this State, in proper cases, can be made for matters *dehors* the record, and such matters may be averred by plea, as in this case, duly entered and then supported by proof. In the present case the order of the Judge may be treated as an order quashing the bill, and the appeal upheld on that ground.

INDICTMENT for taking part in lynching, heard on plea of amnesty before *Peebles, J.,* at July Special Term, 1907, of the Superior Court of UNION County.

At the hearing it was made to appear, on plea duly entered, that in proceedings instituted by the Solicitor, under sections 3200-3201, etc., of Revisal of 1905, and at his instance, the present defendant was summoned, sworn and examined by

the State touching this alleged lynching, which was then being investigated before his Honor, *Walter H. Neal. Judge Peebles* dismissed the case against defendant, holding that, on the facts, the legislation on the subject protected defendant from further prosecution by reason of this charge; and thereupon the Solicitor for the State excepted and appealed.

*Assistant Attorney-General Clement* for the State.

*J. A. Lockhart, H. H. McLendon, F. J. Coxe* and *T. L. Caudle* for defendant.

HOKE, J., after stating the case: Our statute on this subject (Revisal, secs. 3200-3201 *et seq.*) directs that, whenever a Solicitor is advised that a lynching has occurred in his judicial district, he shall at once institute proceedings before a coroner, justice of the peace or Judge of the Superior Court for an investigation of the crime and the apprehension of the offenders; that on such investigation, or any other, into the crime, made pursuant to law, no person shall be excused from testifying on the ground that his evidence might subject him to prosecution or in any way tend to incriminate him, etc.; and the statute further provides as follows: "and such person, when so examined as a witness for the State, shall be altogether pardoned of any and all participation in any crime arising under the provisions of the preceding section or under existing law concerning which he is required to testify." On the facts, therefore, which were established at the hearing by the express provisions of the act, the defendant was fully pardoned of any and all participation in the crime charged, as well as any and every offense against existing law concerning which he was required to testify; and the Judge below correctly held that the charge should be dismissed and the defendant protected from further prosecution concerning it. Legislation of this kind, acting in "abolition or oblivion of the offense," and applicable to all persons, or all persons in a given class, has been uniformly upheld with us, and is sus-

tained by well-considered decisions in other jurisdictions. *State v. Blalock,* 61 N. C., 242; *State v. Keith,* 63 N. C., 140; *State v. Applewhite,* 75 N. C., 229; *In re Briggs,* 135 N. C., 119-144; *State v. Nichols,* 26 Ark., 74; *State v. Forkner,* 94 Iowa, 1. These cases in no way conflict with or trench upon the provisions of Article III, section 6, of our Constitution, conferring on the Governor the power to grant reprieves, commutations and pardons, after conviction, etc.· As said in one of them, "The power thus granted is held not to be exclusive." And, I apprehend, the ruling could further be safely made to rest upon the principle that the section in question confers on the Governor the power to exercise clemency in a particular case and in favor of an individual or individuals especially charged with the offense, this being an executive act of a *quasi* judicial kind permissible to the Governor by reason of this express provision of the Constitution, while an amnesty act establishes a general rule abolishing the offense and applicable to all persons, or persons of a given class, whether charged or not, this being more especially an act legislative in its nature. In any event, the power to enact such legislation is well established here, and, this being true, we hold that any and all further prosecution of defendant by reason of this offense is forbidden. We are not impressed by the position taken by the State's counsel, that defendant is not entitled to the benefit of the law because "the evidence given by him did not in any way tend to incriminate himself." The statute makes no such qualification. The language is: "When so examined as a witness for the State, he shall be altogether pardoned of any and all participation in the crime under investigation, and all offenses, under existing law, concerning which he is required to testify." The Legislature evidently considered that the crime of lynching, subversive, as it is, of all law, a menace to the very existence of organized society, should be dealt with by unusual and extraordinary methods, and intended to make the investigation as extended,

searching and effective as legislation could make it.    The 'act, therefore, provides that every person may be examined by the State and may be compelled to speak to every matter relevant to the inquiry, and the pardon is given in language so plain and so full that no claim or suggestion could arise or exist that any constitutional right of the witness would in any way be impaired or threatened.

We are not inadvertent to the suggestion made by defendant's counsel that no appeal lies for the State in cases like the present.    The right of the State to appeal only exists in the four cases specified in Revisal, sec. 3276 : on special verdicts ; upon demurrer ; on motion to quash ; upon arrest of judgment ; and the Court has been very insistent in holding the State to the cases specified.    *State v. Moore,* 84 N. C., 724 ; *State v. Ballard,* 122 N. C., 1024.

Without deciding the question, the Court is inclined to the opinion that this may, for the purpose of the appeal, be considered and treated as a motion to quash, and so brought within the direct provisions of the law.    While it is held in many jurisdictions that a motion to quash can only be made for matter apparent in the record (Clark's Criminal Procedure, p. 363), it is otherwise with us.    *State v. Horton,* 63 N. C., 595.    And a plea of the kind interposed here has been sanctioned as a proper method, in motions to quash, by which the relevant facts existent *dehors* the record should be made to appear.    *State v. Smith,* 80 N. C., 410.

There is no error in the proceedings below, and the judgment dismissing the case is

Affirmed.