This is a proceeding against defendant for bastardy. The prosecutrix, Fannie Terry, made an affidavit before the justice of the peace, charging the defendant with the paternity of her child. There was a jury trial before the justice on 12 July, 1912, and a verdict of acquittal rendered. Judgment was entered upon the verdict, discharging the defendant and taxing the prosecutrix with the costs, from which she appealed to the Superior Court. The following are the entries on the docket of the latter court: (277)
"Number 92. State v. Bud Currie. Bastardy. Appeal by plaintiff from jury verdict. Docketed to September Term, 1912. Transferred to civil-issue docket. Set for trial second case at next civil term.
"Number 240. Fannie Terry v. Bud Currie. Transferred from State docket and docketed to September Term, 1912."
Defendant moved at September term to dismiss the appeal, and the judge found as facts upon the motion that the judgment of the justice was rendered on 15 July, 1912, and that the next regular term of the Superior Court (a criminal term) was held on 2 September, 1912. The justice did not make any return other than what appears on the docket in No. 92 at the criminal term, and in No. 240 at the civil term. No recordari was asked for by either party. Prior to the September criminal term, the justice delivered to the clerk of the Superior Court the warrant of arrest, containing the affidavit of the prosecutrix and other indorsements thereon, including the statement that the prosecutrix had appealed to the Superior Court, and the clerk docketed the case and *Page 226 
made the entries as appears. The appeal from the justice's decision was taken in open court at the trial. The judge ordered the action to be transferred to the civil-issue docket, and set it for trial at the next term, which convened on 23 September, 1912. Upon these facts and the papers in the cause, the court denied the motion to dismiss, and defendant excepted.
Upon an intimation by the court that, as defendant had failed to deny the accusation in writing and under oath, there was no issue raised by the pleadings, the defendant, before being called upon to plead and before the jury were impaneled, asked for permission to make denial under oath, and upon the request being refused, he tendered himself and others as witnesses, after being duly sworn by the court, to disprove the charge, and moved that they be heard. Both motions and the tender were refused, and defendant excepted.
The court thereupon instructed the jury peremptorily to convict (278) the defendant, holding that the affidavit of the prosecutrix was presumptive evidence of guilt. The jury returned a verdict of guilty, according to the judge's charge. Judgment that the defendant pay the prosecutrix the sum of $50 in monthly installments, as an allowance, and $1 as a fine, was entered. Defendant excepted and appealed.
After stating the case: We said in S. v. Addington, 143 N.C. 683, that our decisions had finally determined this to be a civil proceeding for the enforcement of a police regulation, so far as it is necessary for the purpose of securing an allowance to the woman and to relieve the county from the burden of supporting the child. S. v. Liles, 134 N.C. 735; S. v.McDonald, 152 N.C. 802. The procedure in such cases is clearly prescribed by the statute. The warrant is issued by a justice of the peace, "upon the voluntary affidavit and complaint of the mother of the bastard," and the defendant, or putative father, is served and brought before him to answer the charge. If he denies the accusation under oath, the justice proceeds to try the issue of paternity, and if he is found to be the father of the child, or if he fails to deny the accusation under oath, "he shall stand charged with the maintenance of the child, as the court may order." Revisal, secs. 252-254. By section 255, the "examination of the woman" is made "presumptive evidence against the person accused, subject to be rebutted by other testimony which may be introduced by the defendant." We find nothing in the statute (sec. 254) requiring that the defendant shall make his denial *Page 227 
in writing, though it must be under his oath. Pleadings before justices may be oral, except when specially provided that they shall be in writing. In this case the record entries show that an issue was made up and tried before the justice, with the result that the defendant was acquitted. The case was tried before the justice as if the denial had been made. There could have been no issue to try unless it had been, and after verdict we must assume that the trial proceeded regularly and the justice failed to make the required entry. S. v. Farrar, (279)104 N.C. 702. It appears inferentially that defendant was examined before the justice on oath. It is true that the justice should have taken the denial of defendant under oath before proceeding to try the case, so as to make up the issue, and should regularly note it on his docket and in his return. Under the facts and circumstances of this case, if the record was not complete in this respect, the judge should have allowed the denial to be entered nunc pro tunc. But while the return of the justice does not technically comply with the directions of the statute and is not in the regular form, it was substantially sufficient for the court to act upon, and if a more perfect return was desired, there was ample power to have one sent up. Revisal, secs. 1467 and 1494. "No process or proceeding begun before a justice of the peace, whether in a civil or a criminal action, shall be quashed or set aside for the want of form, if the essential matters are set forth therein; and the court in which any such action shall be pending shall have power to amend any warrant, process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time either before or after judgment." Revisal, sec. 1467. "If the return be defective, the judge or clerk of the appellate court may direct a further or amended return as often as may be necessary, and may compel a compliance with the order by attachment." Revisal, sec. 1494. It would not be fair or just to the defendant, when the case was heard in the justice's court, either upon a proper denial, not noted in the return, or as if one had been made, without objection from the State or the prosecutrix, and after an acquittal, to summarily convict him upon the mere affidavit of the woman, and without giving him an opportunity to defend himself.
The appeal was docketed at the first term succeeding the date of the trial before the justice, and was prosecuted in due time. We infer from the nature of the findings of fact, in connection with the motion of defendant to dismiss the appeal, that it was based upon the defectiveness of the return. It was not in proper form, as we have said, but enough appeared therefrom to inform the court of the course of (280) the proceedings before the justice and to enable it to proceed to *Page 228 
the trial of the case. If it was incomplete, the motion should have been to require a better return from the justice. The judge was right in refusing the motion to dismiss, but he erred in not having the case tried upon the general issue, or the denial by defendant of the paternity of the child as alleged by its mother.
The judgment will be vacated and a new trial is ordered.
New trial.