STATE v. NEALIE BROWN ET AL.

(Filed 16 November, 1932.)

**Criminal Law L d—Record in this case is remanded for correction.**

The record of a case is presumed correct and the trial court should not change it unless it contains error which it is his manifest duty to correct, in which case the trial court has the power at term to correct the error to make the record speak the truth, and on this appeal the case is remanded for correction of the record, it appearing that the verdict of the jury was inadvertently recorded as "guilty of murder in the third degree" when the jury had returned a verdict of guilty of manslaughter.

APPEAL by defendant, Nealie Brown, from *Cranmer, J.,* at July Term, 1932, of DUPLIN.

Criminal prosecution tried upon an indictment charging the defendants with the murder of one Ambrose Lanier.

Verdict: "Guilty of murder in the third degree."

Judgment: Imprisonment in the State's prison as to each of the defendants for a term of fifteen years.

The defendant, Nealie Brown, appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. T. Gresham, Jr., for defendant, Nealie Brown.*

STACY, C. J. It appearing that the verdict was inadvertently recorded "guilty of murder in the third degree," when in reality the jury returned a verdict of manslaughter, the motion of the State to remand the cause for correction of the record will be allowed. *S. v. Harrison,* 104 N. C., 728, 10 S. E., 131; *S. v. Farrar, ibid.,* 702, 10 S. E., 159, *S. c.,* 103 N. C., 411, 9 S. E., 449.

That the Superior Court at term has the power to make its records speak the truth, and, to this end, to correct them, if need be, is established by a number of decisions. *S. v. Marsh,* 134 N. C., 184, 47 S. E., 6; *S. v. Currie,* 161 N. C., 275, 76 S. E., 694; *S. v. Bordeaux,* 93 N. C., 560; *S. v. Davis,* 80 N. C., 384; *S. v. Swepson,* 81 N. C., 571. See, also, *S. v. Lea, ante,* 35; *LaBarbe v. Ingle,* 201 N. C., 814, 161 S. E., 486; *Durham v. Cotton Mills,* 144 N. C., 705, 57 S. E., 465.

The presumption is, that the record as it appears is true, and the court ought not to interfere with it at all, unless, upon thorough inquiry, its duty of correction is manifest. *S. v. Harrison, supra.*

17—203

Ordinarily, the court may proceed *ex mero motu* to correct its records, and to make them speak the truth, but in *Durham v. Cotton Mills, supra,* it was suggested, as the better practice, to do so only after notice to the party to be affected by the correction, especially if the change be material. *Summerlin v. Cowles,* 107 N. C., 459, 12 S. E., 234.

Remanded.