STATE v. HENRY MOSLEY.

(Filed 5 January, 1938.)

**Criminal Law § 77e: Homicide § 28—Case remanded for correction of record to show proper verdict of jury in this homicide prosecution.**

The record disclosed that the jury, in this homicide prosecution, returned a verdict simply of "guilty," and in settling the case on appeal the trial court found that the clerk inadvertently failed to record the question by the court, "Guilty of what?" and the answer by the jury, "Guilty of murder in the first degree." It did not appear that the judge's findings were made in open court and in the presence of the defendant, or that the record was corrected to speak the truth. *Held:* The case is remanded on motion of the State for a correction of the record.

APPEAL by defendant from *Harding, J.,* at May Term, 1937, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant with the murder of Clarence Black.

Verdict: Guilty.

Judgment: Death by asphyxiation.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Phin Horton, Jr., John C. Wallace, and Richmond Rucker for defendant, appellant.*

WINBORNE, J. The record on appeal discloses that the verdict as recorded is simply "Guilty." However, in settling the case on appeal, the judge below finds as facts that when the jury announced its verdict of guilty the court said to the jury, "Guilty of what?" That the jurors answered for their verdict: "Guilty of murder in the first degree," and that the clerk in writing the minutes inadvertently left out the said question and answer. Nevertheless it does not appear that the said findings of fact were made in open court, that the defendant was present in person, or that the records have been corrected to speak the truth.

Motion of the State to remand the cause for correction of the record will be allowed in accordance with *S. v. Brown,* 203 N. C., 513, 166 S. E., 396.

Remanded.