JAMES C. STAFFORD, Adm'r., &c. *v.* EPHRAIM HARRIS, Guardian, &c.

The cases, required by Sec. 420 of the C. C. P. to be submitted by the Judge of Probate to the Judge of the Court in or out of term, are those only where the petitioners are infants and the proceedings are *ex parte.*

Where an administrator petitions to sell a certain tract of land for the payment of debts, which land is particularly identified and described by metes and bounds in the petition and the order of sale, the order confirming the sale and the order to make title; and before the title is made to the purchaser of the land, the administrator dies: *Held*, that the Probate Court had no authority, after such order and confirmation of sale and order to make title, to entertain a motion in the cause, on the part of the purchaser, to so amend the pleadings as to include another tract of land not therein mentioned:

*Held further*, that under the circumstances, even if the case was properly before the Court, his Honor would have *no power to amend the* petition, upon parol evidence that a tract of land had been omitted therefrom through mistake.

This was a PETITION in the cause to be allowed to amend the original petition, heard before his Honor *Judge Albertson*, at Chambers in PASQUOTANK county.

The petition was originally filed before the Judge of Probate, and the amendment allowed by him. The petition involving the interests of infants the Judge of Probate transmitted the papers to the Judge of the Court, who confirmed the order made in the Probate Court, from which judgment the defendants in the original petition appealed.

All the material facts, pertinent to the points decided, are fully stated in the opinion of the court.

*Smith & Strong*, for appellants.
No counsel, contra.

BYNUM, J. The plaintiff as administrator, instituted special

proceedings in the Probate Court against the defendants, who are the infant heirs of the intestate, for the sale of a tract of land to make assets for the payment of debts. The petition for that purpose contained the following description of the land : " One tract of land in Pasquotank county containing 90 or 100 acres, more or less, adjoining the lands of Frank Jennings, Lowry Davis Sam'l Rhodes and C. L. Whitehurst." The defendant answered, admitting the necessity of the sale, and an order of sale was made as prayed for. The administrator in advertising the sale, described the land as one tract as set forth in the petition and order of sale and the land was sold by the same description, the sale confirmed by the court, and the title was ordered to be made on the payment of the purchase money.

The money has been paid but the administrator died before the title could be made. The purchaser, one Hinton now files his petition in the Probate Court, as a foundation for a motion in the cause, alleging that the intestate owned another small tract of ten acres near this larger one, but separate therefrom, by an intervening strip of land about 200 yards wide, belonging to a third person. He alleges that it was intended by the administrator to sell all the land of the intestate, which consisted of these two tracts only, and that both he and others who bid so understood it. The motion is, to be allowed to amend the petition so as to set forth by apt words of description, the small tract of land, and that the subsequent pleadings and decree of sale be made conformable thereto, and that under his said purchase the title be made to him for both tracts of land. The Court of Probate after hearing much evidence, which was objected to by the defendants, allowed the motion, but the rights of infants being involved, the court certified the case and his judgment thereon to the Judge of the District, who upon hearing the same affirmed the judgment of the Probate Court and ordered the Clerk to make title to both tracts of land to Hinton, the purchaser, and the defendants appealed to this court. There is error.

1. The Judge of the District had no jurisdiction in the case as constituted. It is a mistake to suppose that in all special proceedings before the Clerk, where the interests of infants are involved, these proceedings must be submitted to and approved by the Judge of the District. The rule applies only in those cases where the petitioners are infants and the proceedings are *ex parte*. C. C. P. sec's. 418–19–20. Our case is not *ex parte*, but is an adversary action wherein the Clerk has exclusive original jurisdiction, and where his judgments are final, subject only to the right of appeal. Bat. Rev. chap. 45, sec. 61, *et seq.*

2. The Court of Probate, here had no jurisdiction to make any order in the cause as it then stood, for the pleadings show, that at the time Hinton, the purchaser made his motion, and the Court allowed it, the plaintiff in the action was dead, and the action in fact, was abated. There being then no case regularly constituted in Court, the motion and order in the cause, were irregular and void.

3. But the question intended to be made and submitted to this Court is, assuming the case to be properly here, had the Court of Probate the power to make the amendment prayed for and allowed? While the power of amendments is liberally vested in the several Courts, both by the section relied on, C. C. P. sec. 132, and other sections of the Code, and while we lay down no unvarying rule which is to govern amendments in all cases, it is safe to say that the law confers upon the Clerk the power to make no such amendment as this. The petiton, order of sale, confirmation of sale and order to make title was for a single tract of land, identified and made certain by boundaries and description. It is now proposed to show by parol evidence, that the purchaser bought, not only this tract which was described in the pleadings but that in fact he also bought another and distinct tract of land, neither named or described in the petition or decree of sale. If the title to land could be passed in this way a wide door would be opened for

fraud and perjury, which it is the purpose of the statute to prevent.

PER CURIAM.   Judgment reversed and petition dismissed.