1. No authority is cited or good reason shown why a sale of land for assets, made by an administrator, pursuant to the judgment of the court of probate, in a special proceeding therein instituted for that purpose, is not a judicial sale as much as a sale for partition or any other purpose, previous to the adoption of the present Constitution. The sale made by the administrator was a judicial sale.
2. By force of ch. 31, sec. 129, of the Rev. Code, the courts ordering a judicial sale may, on motion, after ten days' notice, etc., enter judgment as soon as the money may become due, etc. This section of the Rev. Code is not brought forward in Battle's Revisal, but for the reasons given in S. v.Cunningham, 72 N.C. 469, is in force and applicable to this case.
3. But judgment can be taken under the statute in that court only ordering the sale. The order in our case was made in the (221) court of probate, whereas the motion for judgment was made in another court, to wit, the Superior Court, which had no jurisdiction.
4. A cause is pending in court until the judgment or decree is performed. It was, therefore, competent for the plaintiff to make his motion in the court of probate, and for that court, which ordered the sale, to render the judgment demanded. If an issue of fact should be *Page 170 
made requiring the intervention of a jury, which might sometimes happen, the issue would have to be transmitted to the Superior Court for trial, there being no trial by jury in the court of probate.
5. The confirmation of the sale and several orders of the court of probate by the judge of the Superior Court did not draw to that court any jurisdiction and imparted no additional validity to the proceedings of the court of probate. In Stafford v. Harris, 72 N.C. 198, it is decided that the cases required by C. C. P., sec. 420, to be submitted to the judge of the Superior Court for approval are those only where the petitioners are infants and the proceedings ex parte. Here the proceedings are adversary.
PER CURIAM. Affirmed.
Cited: Chambers v. Penland, 78 N.C. 55; Lord v. Beard, 79 N.C. 10;Hoff v. Crafton, ib., 595; Long v. Jarrett, 94 N.C. 446; Spencer v.Credle, 102 N.C. 76; Campbell v. Farley, 158 N.C. 43.
(222)