MAUNEY, Adm'r., *v.* PEMBERTON and others.

V. MAUNEY, Adm'r., v. S J. PEMBERTON and others.

A sale of land for assets, made by an administrator, pursuant to a judgment in the Probate Court, in a proceeding instituted for that purpose, is a judicial sale; and summary judgment may be rendered against the purchaser and his sureties, under the provisions of chap. 31, sec. 129, Rev. Code. Such judgment can only be rendered by such statute in the court ordering the sale.

The confirmation of an order of sale, made by the Judge of Probate, does not draw to the Superior Court any jurisdiction, nor does it import any additional validity to the proceedings had in the cause in the Probate Court, only whenever the petitioners are infants, and the proceedings *ex parte.*

(*Stafford* v. *Harris*, 72 N. C. Rep., 198; and *State* v. *Cunningham*, Ibid., 459, cited approved.)

MOTION for *Summary Judgment*, heard before BUXTON, J. at Spring Term, 1876, of MONTGOMERY Superior Court.

The plaintiff is the administrator of Thomas Stokes, who died intestate in 1874. Proceedings were regularly instituted in the Probate Court for the sale of the intestate's land to make assets, and the plaintiff was directed by the Court to sell said land upon a credit. The defendant, Pemberton, became the purchaser of one tract of said land and executed his note with the other defendants as sureties, for the payment of the purchase money. The note falling due and remaining unpaid, the plaintiff after ten days notice to the defendant, moved the Court for judgment upon the note under the provision of Rev. Code, chap. 31, sec. 129, and upon the further ground that he was entitled thereto *by order in the cause*, the proceeding being originally instituted in the Superior Court, and was to be considered as there pending until the payment of the notes, taken by the order of the Court to secure the purchase money.

The defendants moved to dismiss the proceeding upon the following grounds:

1. That the Court did not order the sale, but the same was

ordered by the Probate Judge in a special proceeding instituted before him.

2. The Court has never had control of the notes.

3. The sale was not a judicial sale. And a summary motion for judgment does not lie against the defendant.

4. There is nothing, taking this case out of the general law, requiring an action for the collection of a money demand to be commenced by summons and complaint.

His Honor being of the opinion that the sale was not judicial; and that the proceeding could not be sustained as an order in the cause, inasmuch as, if the proceeding was ever pending in the Superior Court as distinguished from the Probate Court, it was at an end upon the confirmation of the order of sale, and the order to collect and make title, refused the motion for judgment and dismissed the proceeding. Thereupon the plaintiff appealed.

*J. W. Mauney*, for the appellant.
*Neill McKay*, contra.

BYNUM, J. 1. No authority is cited or good reason shown why a sale of land for assets, made by an administrator, pursuant to the judgment of the Court of Probate, in a special proceeding therein instituted for that purpose, is not a *judicial sale*, as much as a sale for partition or any other purpose, previous to the adoption of the present Constitution. The sale made by the administrator was a judicial sale.

2. By force of chap. 31, sec. 129, of the Rev. Code, the Courts ordering a judicial sale may, on motion after ten days notice, &c., enter judgment as soon as the money may become due, &c. This section of the Rev. Code is not brought forward in Battle's Revisal, but for the reasons given in the *State* v. *Cunningham*, 72 N. C. Rep., 469, is in force and applicable to this case.

MAUNEY, Adm'r., *v.* PEMBERTON and others.

3. But judgment can be taken under the statute, in that Court only ordering the sale.    The order in our case was made in the Court of Probate, whereas the motion for judgment was made in another Court, to-wit: the Superior Court, which had no jurisdiction.

4. A cause is pending in Court until the judgment or decree is performed.    It was, therefore, competent for the plaintiff to make his motion in the Court of Probate, and for that Court which ordered the sale to render the judgment demanded.    If an issue of fact should be made, requiring the intervention of the jury, which might sometimes happen, the issue would have to be transmitted to the Superior Court for trial, there being no trial by jury in the Court of Probate.

5. The confirmation of the sale and several orders of the Court of Probate by the Judge of the Superior Court did not draw to that Court any jurisdiction and imparted no additional validity to the proceedings of the Court of Probate. In *Stafford* v. *Harris*, 72 N. C. Rep., 198, it is decided that the cases required by C. C. P., sec. 420, to be submitted to the Judge of the Superior Court for approval are those only where the petitioners are infants and the proceedings *ex parte.*

Here the proceedings are *adversary.*

There is no error.

PER CURIAM.                              Judgment affirmed.