GEO. McD. THOMPSON and others v. J. H. PEEBLES and others.

*Executions—Priorities—Equality of Partition.*

1. Where land is sold under several executions, some issuing for the collection of personal debts of the land-owner, some to enforce a lien for equality of partition, the latter claims are entitled to priority in the distribution of the proceeds.

2. Until the discharge of such lien for equality of partition, the share of the debtor in the land liable to the satisfaction of his general engagements cannot be known.

(*Williams* v. *Washington*, 1 Dev. Eq , 137, cited, distinguished and approved.)

APPLICATION of a sheriff for advice, &c., heard at Fall Term, 1881, of DAVIDSON Superior Court, before *Eure, J.*

The sheriff of Davidson county applies to the court for its advice and direction in the disposition of money in his hands raised by a sale under several executions, and the creditors claiming become parties to the proceeding and submit the following agreed statement of facts :

In the year 1873, certain land descended to the heirs at law of one J. H. Thompson, as tenants in common, and was divided among them and the shares assigned to the tenants. William L. Thompson and Joseph H. Thompson, for equality of partition were charged with certain sums of money to be paid to the shares assigned to the tenants, George McD. Thompson and Cynthia Tatem, whose dividends were of inferior value. D. W. C. Benbow and others recovered judgments on debts contracted in 1875 against the said William L. and Joseph H., and also J. H. Peebles and N. A. Peebles, (the appellants), all principals; and in 1881, sued out executions thereon. Executions also issued and were delivered to the sheriff at the instance of the said George McD. Thompson and Cynthia Tatem, under all which executions the sheriff proceeded to have the homesteads laid off to the

said William L. and Joseph H., and made sale of the excess, the money arising from which is the fund now in his hands to be appropriated as the court may determine.

The court held, and so ordered, that the money must first be applied in satisfaction of the sums assessed upon the more valuable dividends in the proceeding for partition, and from this order the said J. H. and N. A. Peebles appealed.

*Mr. M. H. Pinnix* for plaintiffs.
*Messrs. J. M. Clement* and *W. H. Bailey*, for defendants.

SMITH, C. J. The argument for the appellant assumes the facts of this case to be within the principle declared in *Williams* v. *Washington*, 1 Dev. Eq. 137, by which a creditor having a lien upon two funds may be compelled by another creditor, who has recourse upon but one, to exhaust that upon which he has the sole lien, before resorting to the other to which the latter creditor can alone look for the satisfaction of his debt. But the principle has no application to the facts of the present case. The inquiry is as to the preferable right of payment among the contesting execution creditors, and it is manifest that the sums assessed upon the more valuable of the divided tracts, when an estate in severalty vests in the tenants to whom they are assigned, must be paid to ascertain what property belongs to the tenant and can be subjected to his debts. This assigned tract in its entirety when the attaching charge is paid by other means of the debtor, or the residue when a portion is sold for the same purpose, is alone accessible to the demands of creditors, and hence the fund must be appropriated to the executions sued out to enforce the claim due the tenants, George McD. Thompson and Cynthia Tatem, to the exclusion of the others. Between the creditors who have a personal judgment and the defendants' right

of exemption, the latter must prevail, and the argument for the appellants would subvert these relations, and in effect subject the homestead to a debt for which it cannot be sold under the constitution and law.

Again, the plaintiffs, Benbow and others, are not parties to this controversy, but two of their judgment debtors, principals equally with the two other judgment debtors, who own the land sold, are contesting the application of the fund for their own exoneration, not by an action in the nature of a bill in equity where the right of subrogation when it exists is recognized and enforced, but in the summary proceeding of the sheriff to obtain the advice and direction of the court.

We therefore sustain the ruling of the court, and affirm the judgment below.

No error.                                               Affirmed.