MARY L. SPENCER et al. v. GEO. CREDLE, Adm'r of S. R. SADLER, et al.

*Estoppel—Notice—Lis Pendens—Judicial Sales—Clerks of Superior Courts—Irregularities in Special Proceedings—Judgments, When Void—Purchasers—Parties.*

1. All persons who have been duly made parties to an action will be presumed to have notice of all orders, decrees, &c., therein subsequently made, and will be estopped thereby, notwithstanding any irregularities which may appear in the proceedings, until they shall have been reversed or vacated on appeal, in some action instituted for that purpose.

2. An order made by the Clerk appointing himself a commissioner to sell land, and subsequently to pay out the moneys arising from such sale, is not void.

3. The statutory provisions requiring judgments, decrees, &c., to be signed by Judges and Clerks are not mandatory, and a failure to observe them will not, *per se*, render such orders ineffectual.

4. Where, in a proceeding for sale and partition, the answer raised issues of law and fact, which should have been transferred to the Superior Court docket " in term," for trial, but there was no evidence this had been done, and it did appear that the Clerk made an order for sale, that a sale was made, and the proceeds partitioned, that the parties were all before the Court, and no appeal was taken, nor any proceeding instituted to vacate the action of the Clerk, until several years after the cause was disposed of: *Held*, that the parties will be presumed to have abandoned the defences embraced in the issues, and to have acquiesced in the subsequent orders, &c.

5. Strangers to an action are not affected with constructive notice of an action involving the title to lands situate in a county other than that in which the action is pending, unless the notice, *lis pendens*, is given under §229, *The Code;* but even purchasers for value, although not parties, are affected by such notice if the lands are in the county where the action is pending, and the pleadings describe them with reasonable certainty.

CIVIL ACTION, tried before *Graves, J.,* at Fall Term, 1887, of HYDE Superior Court.

This action is brought by Mary L. Spencer and her five children—Emma E Worthy (wife of J. A. Worthy), E. A. Spencer, H. J. Spencer, A. L. Spencer and F. J. Spencer—against George Credle, as administrator of Samuel R. Sadler, former Clerk of the Superior Court of Hyde County, and the other defendants as sureties upon his official bonds for the years 1868, 1869, 1870, 1871, 1872 and 1873.

The plaintiffs allege that in a proceeding wherein Lancaster *et al.* were plaintiffs and the said Mary L. Spencer *et al.* were defendants, a sale of the lands of Henry S. Spencer, deceased, was *ordered* and *made*, and the proceeds of said sale, amounting to thirty-nine hundred and eighty dollars, were paid to and received by said Samuel R. Sadler, as Commissioner of the Court, and that after deducting all costs and expenses the share due each of the heirs of Henry S. Spencer was $637.31, and that the interest of John N. Spencer, one of the heirs, was the property of the plaintiffs.

The plaintiffs further allege, in substance, that on March 2, 1872, said Sadler, acting as commissioner aforesaid, paid to N. Beckwith, attorney for J. & S. Gibbs, $310.02, and that on March 8, 1873, said Sadler paid to said N. Beckwith $327.29, and both payments were made after protest on the part of plaintiffs. The plaintiffs demanded judgment for the sum of ____ dollars (the penalties of the bonds), to be discharged upon the payment of $637.31, with interest on $310.02 from March 2, 1872, and on $327.29 from March 8, 1873, and costs.

The several answers admit the execution of the bonds declared on, the sale of the lands by virtue of the special proceeding as the property of Henry S. Spencer, and the receipt by Sadler of the proceeds of sale, amounting to $3,980, as commissioner, and the payment by Sadler to N. Beckwith of the sums mentioned, and at the times mentioned, in the complaint.

The defendants, on the argument, did not rely on the release pleaded in the answer, nor on the averment in the answer, that the deeds offered by plaintiffs in support of their claim to the fund were fraudulent.

Henry S. Gibbs was a party to the said proceeding of Lancaster et al. *v.* Mary L. Spencer et al. He recovered judgment against John W. Spencer, about the year 1870, for $310.02, under which judgment he bought the individual sixth interest of John W. Spencer in the said lands of Henry S. Spencer, and on January 6, 1872, John Boleman, Coroner of Hyde County, executed a deed to said Gibbs for the interest sold by the former under the judgment and attachment levied on said interest of John W. Spencer.

The facts material to this controversy, appearing in the record of the special proceeding for sale and partition, were as follows :

On the 12th day of August, 1871, James W. Lancaster and wife Margaret, Robert P. Wahab and wife Susan, and Annie E. Wynne (by her guardian, N. Beckwith), commenced a special proceeding in the Superior Court of Hyde County, by the issuance of a summons, returnable before the Clerk, against Peter P. Spencer and wife Mary, Samuel Blackwell and wife Elizabeth, W. H. Spencer, John W. Spencer and Henry S. Gibbs, for the sale and partition of certain lands derived under the will of Henry S. Spencer, deceased. W. H. Spencer, John W. Spencer, and Blackwell and wife, being non-residents, were brought in by publication. The complaint filed—the date thereof not appearing—after setting out the source of title, the respective interests of the parties and the necessity for a sale, stated " that the defendant Henry S. Gibbs holds a judgment for about $400 against the defendant John W. Spencer, and has his interest in said lands levied on under an original attachment issuing from the Superior Court of Hyde County, on or about the __ day of ____, 1870, and levied on said lands the __ day of ____, 1870."

The defendants Peter P. Spencer and wife Mary only filed answer, in which, among other matters, they alleged that their co-defendant Gibbs had no interest in the lands in controversy, the share of John W. Spencer which he, Gibbs, claimed, having been, before the levying of the attachment, conveyed to Peter Spencer, and by him to W. H. Spencer, who conveyed to the defendant Mary and her children (who are the plaintiffs in the action now being considered). To this answer a replication was filed, in which Gibbs joined, and wherein he asserted his title to the share of John W. Spencer, and attacked that set up by Mary and her children upon the ground that it was based upon conveyances made for the purpose of defrauding creditors.

On the 14th October, 1871, the following order was made:

"This cause coming on to be heard upon the summons, complaint and affidavit of plaintiffs, and the answer and replication, and being heard, the Court doth declare that the petitioner and defendants are entitled as set forth in the complaint. The Court doth further declare that actual partition cannot be made without serious injury to the parties. It is therefore ordered and decreed that the Clerk of this Court be appointed commissioner to sell the lands mentioned in the complaint.   *   *   *   One-half cash, balance on twelve months' credit, and retain title until purchase money is paid.

"Cause continued to try issues made up by answer and replication.

"Approved.                          J. C. C."

Pursuant to this order, the commissioner sold the lands on February 3, 1872, the report of sale stating, "a part of the parties interested, to-wit, J. W. Lancaster, R. P. Wahab, Peter P. Spencer, and N. Beckwith, guardian of Annie E. Wynne, being present." The sale was confirmed,

the order of confirmation stating " that all the plaintiffs, and the defendant P. P. Spencer, were present and assented to the bids as full and sufficient consideration ;" and proceeding to a distribution of the proceeds, it further decreed : " On the hearing of the issues made by the pleadings, it is adjudged that the original distributive share of John W. Spencer be paid to Henry S. Gibbs." Acting under this authority the Clerk, or Commissioner, paid the share of John W. Spencer to Mr. Beckwith, the attorney for Gibbs.

The plaintiffs in the present action introduced evidence tending to show, that the order of sale in the case of *Lancaster* v. *Spencer* was made by and in the handwriting of S. R. Sadler, Clerk, &c., and there was no entry upon the Civil Issue Docket of Hyde County from Spring Term, 1871, to Fall Term, 1872, of the case of *J. W. Lancaster and others* v. *Spencer and others* They also offered the docket marked " Civil Issue Docket," and the case did not appear therein. The plaintiffs, upon these facts, asked the Judge to charge the jury, that if they believed the evidence the plaintiffs were entitled to recover ; which request was refused, and the plaintiffs excepted.

His Honor intimated that he would charge the jury that, upon the evidence introduced, the plaintiffs were not entitled to recover.

In submission to this intimation the plaintiffs submitted to a nonsuit, and appealed.

*Messrs. J. H. Small* and *W. B. Rodman, Jr.*, for the plaintiffs.
*Mr. Charles F. Warren*, for the defendants.

AVERY, J. (after stating the case). We concur with his Honor in the opinion that the plaintiffs were not entitled to recover, in any view of the testimony offered and the facts admitted, and the timely intimation given by him was calculated to expedite the transaction of business, without peril

to the rights of the parties.   The plaintiffs contend in this Court:

1. That the decree in the special proceeding was void and must be treated as a nullity for the reason that article 4, section 17, of the Constitution of North Carolina, then required that "all issues of facts joined before them" (referring to the Clerks of Superior Courts) "shall be transferred to the Superior Courts for trial, and appeals shall be to the Superior Courts from their judgments in all matters of law," and that, therefore, a final judgment rendered by the Clerk, without docketing the cause and awaiting the verdict upon the issues framed, was made, when by law the case was not pending before him and within his jurisdiction.

2. That the order of sale was not signed, and if that objection did not lie, it was void upon its face, because the Clerk had no power to appoint himself commissioner.

3. That in any view of the case an order made by the Clerk that he, himself, pay over the funds in controversy to Beckwith for Gibbs, was void, and would not protect him against the rightful claimants of the money.

The plaintiffs might have instituted a new proceeding before the Clerk to vacate, for irregularity, the decree in *Lancaster et al.* v. *Mary L Spencer et al.*, but they have chosen rather to bring an action upon the official bond of the deceased Clerk, Sadler, against his administrator and the sureties, and have elected to treat the sale as valid and regular.

If the order of sale was void, not simply voidable, for irregularities in the proceeding, then the sale was a nullity; and if the title to the interest of John W. Spencer, one undivided sixth, were still in the plaintiffs, they would have the right (after reasonable notice to be let into possession with tenants in common, who may have ousted them) to recover possession in an action brought against such tenants.   If

the order was simply voidable for irregularities, it cannot be impeached collaterally; but could be vacated by a proceeding begun before the Clerk for the purpose.

We do not think that the failure of the Clerk to frame the issues raised by the pleadings, and to enter the case for trial on the docket of the Superior Court, or the fact that such issues do not appear to have been tried by jury at all, affects the validity of the judgment, in the absence of any record showing that the parties before the Court appealed from the order at the time, or attempted afterwards to have it set aside by motion in that proceeding, or vacated by a new action. It is not necessary for us to determine which was the proper course. The authorities cited by counsel do not sustain the view that the order of sale and subsequent decree were void because made in violation of article 4, section 17, of the Constitution of 1868. In the cases of *McBryde* v. *Patterson,* 73 N. C., 478, and *Jones* v. *Hemphill,* 77 N. C., 42, there was an appeal under section 116 of *The Code* (brought forward from Code of Civil Procedure), which provided that in case of transfer or appeal a party should not be required to give bond for cost, but that an appeal could be taken by " a party aggrieved, who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, had no opportunity of being heard, which fact may be shown by affidavit or other proof "

If the parties were before the Court, then the " record, including the recitals, import verity and binding effect upon the parties everywhere. They cannot be heard to allege the contrary or attack the judgment in a collateral proceeding or action." *Brickhouse* v. *Sutton,* 99 N. C., 103.

We think that the parties, including the plaintiffs Mary L. Spencer and John W. Spencer, P. P. Spencer and W. H. Spencer, through whom she claims, were all before the Court. At any rate, they cannot raise the objection that the service of summons by publication was irregular, and they cannot

attack collaterally any part of the record made before the parties answered, or were all brought into Court, in the manner adopted, and not subject to be questioned in this action. *Sumner* v. *Sessoms*, 94 N. C., 371.

The parties, then, having been brought before the Court, were charged with notice of any order subsequently made by the Court while the action was pending. *University* v. *Lassiter*, 83 N. C., 38.

We think that if the parties were in Court, as the law presumes that they were, when the order of sale was made, and did not object or appeal, as any one of them could have done, without even filing an appeal bond, and being still before the Court they made no objection to the final decree, dated March 8, 1872, nor any motion in the cause at any time to impeach any order for irregularity, until after summons issued in this action, May 27, 1881, it would be fair to presume that the defences raised by the pleadings were abandoned at the hearing, and the transmission of pleadings and trial of issues were then waived by the parties. In that view of the matter, it would not be necessary to decide whether the Constitution made the duty of docketing for trial mandatory, for even if it were *not merely directory*, under all the circumstances, after the long lapse of time, the courts would presume that the Clerk acted rightly, and that the parties waived the trial of the issues by failing to insist upon the ground of defence set up.

The objection, that the order of sale was not actually signed by the Clerk, would be covered by the principles laid down in *Sumner* v. *Sessoms, supra;* but if that were not true, and the question of the validity of the order for want of the signature of the Clerk were an open one, the Court has declared that the statute requiring such signature is merely directory. *Keener* v. *Goodson*, 89 N. C., 273 ; *Rollins* v. *Henry*, 78 N. C., 342.

It has been too long the custom for clerks to make orders appointing themselves commissioners to sell land, in such proceedings, and to order an account to be taken by themselves, and the validity of such orders has been too often acquiesced in or approved by the courts, to allow the judgment to be now declared void because a Clerk appoints himself commissioner. Whatever objections may be urged to the custom, it has often proven a positive benefit to litigants in subjecting the Clerk's bond to liability for the proceeds of sales made by virtue of such orders; whereas, the appointment of an insolvent commissioner would have left the parties without remedy, in case of default in paying over the proceeds of land sold under a judicial decree. *State* v. *Blair*, 76 N. C., 78. Besides, it has long since been settled, that where there are adversary parties in a special proceeding, the approval of the Judge of the Superior Court is not requisite to the validity of any order made in it, but the Clerk has full power to make all orders up to the final confirmation, *except in cases where an ex-parte petition is filed, and some of the petitioners are infants. Stafford* v. *Harris,* 72 N. C., 198; *Mauney* v. *Pemberton,* 75 N. C., 219. This was not an *ex-parte* proceeding, and Sadler had the power to render the final decree.

In the petition first filed in Lancaster *v.* Spencer, it was alleged that Henry S. Gibbs had a lien to secure about $400 on the interest of John W. Spencer in the lands of Henry S. Spencer, described in the petition. Subsequently, as appears from the record, Gibbs was made a party, and at a still later period, but during the pendency of the proceeding, he recovered a judgment on attachment against John W. Spencer for $310.02; and in the final decree Gibbs was adjudged, "on the hearing of the issues made by the pleadings," to be the owner of the interest of John W. Spencer in the lands. As between the parties, that adjudication is conclusive, whatever irregularities may appear in the orders connected with

the attachment, and it is needless to go behind the final decree to discuss the partial record of the allotment and the agreement of counsel relating to it.

The petition was filed in September, 1871, and the final decree of confirmation was made on the 8th of March, 1872. P. P. Spencer, and his wife Mary L. Spencer (the present plaintiff), were made parties, and set up in their answer the defence, that John W. Spencer, also a party to the action, had conveyed his interest in the land to them (by deed dated December 31, 1866, and recorded January 21, 1867), and that Henry S. Gibbs was not the owner of said interest.

The defendant W. H. Spencer, and those claiming under him, are estopped to deny, upon the principles already stated, that he was also a party; yet the plaintiffs seek to establish their right to the share of John W. Spencer in the proceeds of sale under the deed from P. P. Spencer, set up in their answer (as to the validity of which deed Mary L. Spencer, John W. Spencer and W. H. Spencer are concluded by the decree, and by the two other deeds of conveyance, for the undivided interest of John W. Spencer, the one from P. P. Spencer to W. H. Spencer, dated December 31, 1866, and the other from W. H. Spencer to the plaintiffs, dated January 1, 1872).

If W. H. Spencer relied on the conveyance from P. P. Spencer to himself, he might have pleaded his title, but, instead of doing so, he permitted the latter to set up a claim in himself, and afterwards, as we must assume, to abandon the issue. After the petition had been filed for four months, and two months before the final decree, W. H. Spencer attempted to convey the interest in controversy by deed dated January 1, 1872, to the plaintiffs, Mary L. Spencer and her four children. Mary L. Spencer filed an answer, but if she had not been bound by the decree of March 8, 1872, as a party, she and the other plaintiffs must be deemed to have had constructive notice of the pendency of the action, when

W. H. Spencer conveyed to them, and, therefore, to be bound by the final judgment in that suit. There can be no doubt that the lands were described with sufficient certainty in the petition, to give notice to the plaintiffs, even if they are to be treated as purchasers for a valuable consideration, and it also appears from the pleadings that the land was located in Hyde County. While strangers to the record are not affected with constructive notice, of the pendency of an action involving the title to land lying in a county other than that in which the action is pending, unless the notice required under section 229 of *The Code* has been given, even purchasers for a valuable consideration are affected with notice of an action brought in the county where the land lies, if the pleadings describe it with reasonable certainty, and take title, subject to the final decree rendered in the action. A different rule has been adopted in some other States, where the same statute has been passed, but the law has been settled in this State by the cases of *Todd* v. *Outlaw,* 79 N. C., 235, and *Badger* v. *Daniel,* 77 N. C., 251.

There was, therefore, no view of the testimony in which the plaintiffs were entitled to recover, and the judgment must be affirmed.

Affirmed.