NADA R. McDONALD et al. v. ALFRED G. HOWE et al.

(Filed 15 October, 1919.)

1. Judgments—Unsigned—Statutes Directory.

An unsigned judgment passed in open court and filed with the papers in the case as a part of the judgment roll is valid, the requirement that it should be signed by the judge being only directory.

2. Judgments—Subsequent Term—Nunc Pro Tunc.

Judgment may·be entered at a succeeding term of the court, *nunc pro tunc*, in proper instances.

3. Wills—Interpretation—Intent—Estates—Contingent Limitations—Title.

A will should be interpreted to effectuate the intention of the parties, and a devise of land to the two daughters until they should become of age "when it becomes theirs," vests the absolute fee-simple title in them upon their becoming of age; and a further provision, should they die, "leaving sister or sisters or brother or brothers of their mother's children, the sister or sisters or brother or brothers shall inherit the property," is construed to indicate the intention of the testator that the brothers or sisters would take upon the happening of the contingency of the death of the daughters before reaching the age specified.

4. Wills — Estates — Contingent Limitations — Interpretation — Vesting of Title.

A devise will take effect at the earliest moment that its language will permit, which in this case is the arrival at the age of twenty-one of the testator's daughter. Rev., sec. 1581, as to limitations contingent upon any person dying without heirs, has no application.

APPEAL by plaintiff from *Calvert, J.,* at April Term, 1919, of NEW HANOVER.

Mary Washington Howe, the aunt of the plaintiffs, provided in her will as follows: "The remainder of my property I give to my sister, Rebecca Jane McDonald, for her use until her daughters, Nada Roberta and Alfreda Eloise, become of age, when it becomes theirs. Should Nada and Alfreda die, leaving sister or sisters, brother or brothers, of their mother's children, the sister or sisters, brother or brothers, shall inherit the property here mentioned. Should they die, the property is to be sold and proceeds divided between the children of my brothers, John T. Howe and A. P. Howe."

This proceeding is to have the adverse claims of the defendants set aside and to have the plaintiff declared the owner in fee of the land described in the will.

The plaintiffs, Nada Roberta and Alfreda Eloise McDonald, are both of age. The defendants are their minor sisters who through their guardian *ad litem* demurred to the complaint upon the ground that it does not state a cause of action because it appears from the will under

which the plaintiffs claim the land that they "were only given a life estate in said property and not the fee, and at most they only own a determinable fee, and that in the event they should die leaving a brother or sister of their mother's children that the fee simple estate would be given to such brother or sister; and this being true, the plaintiffs are not entitled to have the court adjudge that these defendants have no interest in said property and that the plaintiffs own the same in fee simple." The other defendants are the sons of John T. and A. P. Howe.

The case coming before Stacy, Judge, at Fall Term, 1918, he sustained the demurrer and held that the plaintiffs were not the owners in fee of the land described in the complaint, but the court adjourned before the judgment sustaining the demurrer was signed.

The case was brought before Calvert, Judge, at April Term, 1919, of the same court, who ruled that "plaintiffs are not the owners in fee of the land, but only have a life estate therein, or at most a determinable fee, and therefore are not entitled to the relief prayed for" and dismissed the action. Appeal by plaintiffs.

*A. S. Williams for plaintiffs.*
*No counsel contra.*

CLARK, C. J. There was no irregularity upon the face of the proceedings. This Court has repeatedly held that the requirement that a judgment should be signed by the judge is "only directory and a judgment passed in open court and filed with the papers as a part of the judgment roll is a valid judgment, though not signed by the judge." *Range Co. v. Carver,* 118 N. C., 328, citing *Rollins v. Henry,* 78 N. C., 342; *Matthews v. Joyce,* 85 N. C., 258; *Keener v. Goodson,* 89 N. C., 273; *Spencer v. Credle,* 102 N. C., 68; *Bond v. Wool,* 113 N. C., 20.

Even if the judgment should have been signed, the record could be completed by entering judgment *nunc pro tunc* at a succeeding term of the court. *Ferrell v. Hales,* 119 N. C., 212, and cases there cited, which has been approved in *Taylor v. Ervin,* 119 N. C., 274; *Knowles v. Savage,* 140 N. C., 374; *Brown v. Harding,* 171 N. C., 687; *Hardware Co. v. Holt,* 173 N. C. 311; and especially in *Pfeifer v. Drug Co.,* 171 N. C., 216, where the authorities are fully cited.

In the construction of a will the object is to arrive at the intention of the testator. The testator here gave her daughter the property until her daughters, the plaintiffs, should become of age, "when it becomes theirs." These words indicate an intention that the property should be theirs absolutely upon the happening of that contingency. The words "Should Nada and Alfreda die, leaving sister or sisters, brother or brothers, of their mother's children, the sister or sisters, brother or

brothers shall inherit the property herein mentioned" indicate, we think, an intention that should the contingency fail upon which the plaintiffs should have the property absolutely, i. e., should they die before arriving at age, then this property should go to their sisters or brothers. The further clause, "should they (evidently meaning such sisters or brothers) die, the property to be sold and the proceeds divided between the children of my brothers, John T. Howe and A. P. Howe," presents more difficulty, but we need not consider that since the property having become absolutely the property of Nada and Alfreda by their arriving at age, the contingency upon which the property should go over to the children of John T. and A. P. Howe cannot happen.

It is the policy of the law that a devise should take effect at the earliest moment that the language will permit, which in this case is the arrival at age, at which time the property should become vested in fee. The Act of 1827, now Rev., 1581, construing limitations contingent upon any person dying without heirs, has no application to this case.

The plaintiffs, we think, acquired a fee simple absolute upon their arriving at twenty-one.

Reversed.