### HUGH LaBARBE et al. v. F. B. INGLE.

(Filed 16 December, 1931.)

**Judgments F a—Judgment may be entered at subsequent term where verdict has been returned and record is complete except for judgment.**

A judgment *nunc pro tunc* may be entered at a subsequent term of the court to complete the record in a case wherein a verdict has been returned by the jury and the record complete except for the judgment, the judgment relating back to the beginning of the term at which the cause was actually tried as between the parties, and as to third persons the judgment lien attaching as of the first day of the term at which the judgment was entered.

Appeal by defendant from *Harding, J.,* at June Term, 1931, of Buncombe.

Motion for judgment on verdict rendered at prior term.

Civil action to recover on two promissory notes, tried at the May Term, 1930, Buncombe Superior Court, which resulted in a verdict for the plaintiffs. Through inadvertence, omission or error, no formal judgment was signed by the judge, or if signed, such judgment has been lost or destroyed.

At the June Term, 1931, after due notice to the defendant, the plaintiffs moved for judgment *nunc pro tunc* on the verdict. The motion was allowed, and from this ruling the defendant appeals.

*Harkins, Van Winkle & Walton for plaintiffs.*
*Welch Galloway for defendant.*

Per Curiam. Affirmed on authority of *McDonald v. Howe,* 178 N. C., 257, 100 S. E., 427, *Pfeifer v. Drug Co.,* 171 N. C., 214, 88 S. E., 343, *Knowles v. Savage,* 140 N. C., 372, 52 S. E., 930, *Thompson v. Peebles,* 85 N. C., 418.

Speaking to a similar situation in *Ferrell v. Hales,* 119 N. C., 199, 25 S. E., 821, *Clark, J.,* observed: "The judge could not set aside the verdict rendered at the previous term; and if he could not enter judgment upon the facts found by the jury by their recorded verdict, the matter would have been forever suspended, like Mahomet's coffin.

'In Aladdin's tower
Some unfinished window unfinished must remain.'

"Not so in legal proceedings which deal with matters of fact, not fancy. The judge, at the next term, seeing the record complete up to and including the verdict, properly rendered judgment *nunc pro tunc*. This.

was practical common sense and is justified by precedent. *Bright v. Sugg,* 15 N. C., 492; *Long v. Long,* 85 N. C., 415; *Smith v. State,* 1 Tex. App., 408. As to difficulties suggested, it may be observed that, while the judgment as between the parties is entered as of the former term, *nunc pro tunc,* as to third parties it can only be a lien from the docketing, which by The Code, sec. 433, has effect from the first day of the term at which it was actually entered." There is no question here as to the rights of third persons.

Affirmed.