STATE v. MAE ATKINS.

(Filed 25 May, 1955.)

**1. Criminal Law § 79—**

Exceptions not brought forward in the brief, and unsupported by reason, argument or authority, are deemed abandoned.

**2. Criminal Law § 78g: Appeal and Error § 23—**

An assignment of error must present a single question of law, and while more than one exception may be grouped under a single assignment of error, this may be done only when all the exceptions relate to but a single question of law.

**3. Criminal Law § 78e (1): Appeal and Error § 6c (5)—**

Where there is a single assignment of error based upon several exceptions to several distinct parts of the judge's charge, and one of the parts excepted to is correct, the assignment must fail.

**4. Mayhem § 2—**

> In a prosecution under G.S. 14-30, an instruction that general malice is wickedness, a disposition to do wrong, a black and diabolical heart, regardless of social duty and fatally bent on mischief, *is held* without error.

**5. Same—**

> In this prosecution of defendant for maliciously maiming her step-daughter by putting out her eye by the use of defendant's thumb, the evidence *is held* sufficient to make out a case for the jury, and defendant's motions to nonsuit were properly overruled.

**6. Criminal Law § 61a—**

> In a prosecution for less than a capital felony, the failure of the judge to sign the judgment or the minute docket does not affect the validity of the judgment.

APPEAL by the defendant from *Burgwyn, Emergency Judge,* December Term 1954 of GUILFORD.

Criminal prosecution on indictment charging the defendant with unlawfully, wilfully, feloniously and with malice aforethought putting out the right eye of Sandra Lee "Judy" Atkins with her thumbs with intent to maim and disfigure Sandra Lee "Judy" Atkins.

Verdict: Guilty as charged in the bill of indictment.

Judgment of imprisonment was pronounced upon the verdict.

Defendant appeals, assigning error.

*Harry McMullan, Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*

*Henderson & Henderson and Cahoon & Alston for Defendant, Appellant.*

PARKER, J.   Sandra Lee "Judy" Atkins is a 12-year old step-daughter of the defendant.   The indictment properly charges a violation of G.S. 14-30.

Defendant's assignment of error No. 1 is as to the admission and rejection of evidence.   Under this assignment she groups 20 Exceptions. These Exceptions are not brought forward, and set out in defendant's brief: no reason or argument is stated or authority cited.   These Exceptions are taken as abandoned by defendant.   Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 544; *Strickland v. Kornegay,* 240 N.C. 758, 83 S.E. 2d 903.

Defendant's assignment of error No. 3 relates to the charge of the court, and under this assignment of error she groups Exceptions 23 through 63, both inclusive.   It is elementary learning that an assignment of error must present a single question of law for consideration by an appellate court.   *Spears v. Randolph,* 241 N.C. 659, 86 S.E. 2d 263;

*Gwaltney v. Assurance Society,* 132 N.C. 925, 44 S.E. 659; 4 C.J.S., Appeal and Error, Sec. 1254. But it is entirely proper to group more than one exception under one assignment, when all the exceptions relate to a single question of law. *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785. Here Exceptions Nos. 24, 25, 26 and 27 relate to the court's definition of malice; Exceptions Nos. 28 and 29 relate to the court's definition of intent; Exception 35 relates to the court's definition of trauma; Exception No. 46 relates to the court's definition of serious injury; Exceptions Nos. 30, 31, 33 and many others are to the statement by the court of the State's contentions.

Where there is a single assignment of error based upon several exceptions to several distinct parts of the judge's charge, and one of the parts excepted to is correct, the assignment must fail. *Buie v. Kennedy,* 164 N.C. 290, 80 S.E. 445; *Barefoot v. Lee,* 168 N.C. 89, 83 S.E. 247; *S. v. Herron,* 175 N.C. 754, p. 759, 94 S.E. 698; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *S. v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608; *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143.

Exception 25 assigns as error this part of the charge: "Now, general malice is wickedness, a disposition to do wrong, a black and diabolical heart, regardless of social duty and fatally bent on mischief." This part of the charge is a verbatim statement of law as expressed by *Pearson, J.,* speaking for the Court in *Brooks v. Jones,* 33 N.C. 260, and quoted since by us with approval, for instance, in *S. v. Long,* 117 N.C. 791, 23 S.E. 431; *S. v. Knotts,* 168 N.C. 173, p. 185, 83 S.E. 972. This exception is without merit. While the assignment of error No. 3 must fail, yet even so, after a careful reading of the charge as a whole, with particular attention to the portions of the charge excepted to, we find no prejudicial error therein.

Defendant assigns as error No. 2 the failure of the court to sustain her motion for judgment of nonsuit made at the close of the State's evidence, and renewed at the close of all the evidence. This assignment of error is overruled. Upon the evidence it was a case for the jury.

The defendant's assignment of error No. 5 is based upon Exceptions Nos. 65, 66 and 68. Exception No. 65 is to the judgment. Exception No. 66 is to the fact that while the judgment is set forth in the Minute Docket for criminal cases in the Office of the Clerk of the Superior Court of Guilford County, it is not signed by the Trial Judge. Exception No. 68 is to the refusal of the court to set the judgment aside.

In support of her exception that the Trial Judge did not sign the judgment, no argument is stated or authority cited. This exception is taken as abandoned by the defendant. Rules of Practice in the Supreme Court, Rule 28, 221 N.C. 544.

However, Exception No. 66 seems to be without merit. In this State judgment of death in capital cases by virtue of G.S. 15-189 must be in writing and signed by the Trial Judge. *S. v. Jackson,* 199 N.C. 321, 154 S.E. 402. In other criminal cases it seems to be the rule with us that the failure of the judge to sign the Minutes of the Court or the judgment does not affect the validity of the judgment. *McDonald v. Howe,* 178 N.C. 257, 100 S.E. 427; *LaBarbe v. Ingle,* 201 N.C. 814, 161 S.E. 486; 15 Am. Jur., Criminal Law, Sec. 444; 24 C.J.S., Criminal Law, Sec. 1602; Anno. 30 A.L.R. 715 *et seq.*

There is no irregularity on the face of the Record, except that the Minute Docket is not signed by the Trial Judge. Assignment of error No. 5 is overruled.

Assignment of error No. 4 is formal.

A study of the Record and the Briefs discloses no error that would justify a New Trial.

No Error.