### STATE v. RAYMOND RHODES.

(Filed 27 April, 1960.)

**1. Homicide § 20—**

The direct and circumstantial evidence in this case *is held* sufficient to overrule motions for judgment as of nonsuit and to support the verdict of guilty of manslaughter.

**2. Criminal Law § 98—**

The probative weight of the evidence is for the jury; the legal sufficiency of the evidence is for the court.

**3. Criminal Law § 101—**

Upon motions to nonsuit in a prosecution in which the State relies upon circumstantial evidence, the evidence must be considered in the light most favorable to the State and the motions overruled if the evidence is sufficient to prove the fact of guilt or if it conduces to that conclusion as a fairly logical and legitimate deduction, and thus raises more than a mere conjecture of suspicion of guilt.

**4. Criminal Law § 51—**

Where the court finds upon supporting evidence that the witness is a medical expert, he having performed many autopsies in the course of his work, the testimony of such witness as to the cause of death based upon his autopsy on the body of the deceased is competent notwithstanding the failure of the State to show that the witness was authorized to make the autopsy. In the absence of evidence to the contrary it will be assumed that the autopsy was lawfully performed.

**5. Criminal Law § 79—**

Ordinarily the courts look to the competency of the evidence and not to the manner in which it was acquired.

**6. Criminal Law § 154—**

An assignment of error should present only a single question of law for consideration.

**7. Criminal Law § 71—**

Where the court hears evidence and determines that the incriminating statements of defendant were voluntarily made, the admission of testimony thereof will not be disturbed when the record fails to show that the statements were not voluntary.

**8. Criminal Law § 42—**

The admission into evidence of certain articles of clothing and other articles of personal property found at the scene *held* not error.

**9. Criminal Law § 162—**

The exclusion of evidence cannot be held prejudicial when the record fails to show what the witness would have said if permitted to testify.

**10. Criminal Law § 156—**

An assignment of error based on eight exceptions to the charge *held* to constitute a broadside assignment of error.

**11. Criminal Law § 112—**

The order of stating the respective contentions of the State and the defendant rests largely in the discretion of the trial court, and an objection to the statement of the contention must ordinarily be brought to the trial court's attention in apt time.

APPEAL by defendant from *Phillips, J.,* at October 1959 Term, of RICHMOND.

Criminal prosecution upon a bill of indictment charging defendant with the murder of Ruth Breeden English Rhodes.

Plea— Not guilty.

The Solicitor for the State announced in open court that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree or manslaughter, as the jury should find.

Upon the trial in Superior Court the State offered evidence tending to show by direct and circumstantial evidence that Ruth Rhodes, defendant's wife, came to her death as result of injuries inflicted upon her by defendant. And the case was submitted to the jury under the charge of the court.

Verdict: Guilty of manslaughter.

Judgment: That defendant be confined in the State's Prison and assigned to work under the direction of the State Prison Department for the State of North Carolina in such place or places as designated by said department for the work of prisoners for a period of not less than ten nor more than fifteen years.

Defendant excepts thereto and appeals to Supreme Court, and assigns error.

*Attorney General Bruton, Assistant Attorney General H. Horton Rountree for the State.*

*Z. V. Morgan for defendant, appellant.*

WINBORNE, C. J. Before taking up the assignments of error in the order set forth in the record on this appeal, we find that exceptions ten, eleven and twelve, in part the basis for assignment of error number "1", as well as exceptions sixteen and seventeen, basis for assignment of error number "4", and exceptions twenty-six and twenty-seven in part basis for assignment of error "8", are expressly abandoned by defendant as set forth in brief filed here.

And when challenged by assignments of error 6 and 7, based upon exceptions 19 and 20 to denial of defendant's motions for judgment as of nonsuit, the Court is of opinion that the evidence offered in the instant case, taken in the light most favorable to the State, and giving to it the benefit of reasonable inferences of fact arising thereon, as is done in such cases, is substantially sufficient to take the case to the jury and to support the verdict of guilty of manslaughter returned by the jury.

In passing upon the legal sufficiency of the evidence so taken, when the State relies upon circumstantial evidence for a conviction of a criminal offense, as in the present case, the rule is that the facts established or advanced on the hearing must be of such a nature and so connected or related as to point unerringly to the defendant's guilt and to exclude any other reasonable hypothesis. *S. v. Stiwinter,* 211 N.C. 278, 189 S.E. 868; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Coffey,* 228 N.C. 119, 44 S.E. 2d 886; *S. v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *S. v. Frye,* 229 N.C. 581, 50 S.E. 2d 895; *S. v. Fulk,* 232 N.C. 118, 59 S.E. 2d 617; *S. v. Hendrick,* 232 N.C. 447, 61 S.E. 2d 349; *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268; *S. v. Jarrell,* 233 N.C. 741, 65 S.E. 2d 304; *S. v. Roman,* 235 N.C. 627, 70 S.E. 2d 857.

While the probative weight of legally sufficient proof is for the jury, the sufficiency of proof in law is for the court. *S. v. Prince,* 182 N.C. 788, 108 S.E. 330. So in considering a motion for judgment of nonsuit under G.S. 15-173, the general rule, as stated in *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730, and in numerous other cases before this Court, is that "if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury," approved in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431.

As to assignment of error 1, the record points out that "his Honor permitted the State to call Dr. B. B. Andrews for examination as a witness for the State before showing that Dr. Andrews had been called or ordered to make the autopsy, concerning which he testified, by order of the solicitor, coroner, coroner's jury, or any other lawful

agency of the State, or that the same was done by permission of the persons entitled by law to give permission for the performance of autopsies, and that his Honor allowed said witness, Dr. B. B. Andrews, to testify relative to his findings brought about by the performance of said autopsy." And it is said that this constitutes the basis of defendant's exceptions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12. R. pp 4, 6, 7, 8, 9, 10 and 11.

In respect to this assignment, first and foremost, the record discloses that the doctor is a duly practicing licensed physician and surgeon,— specializing in the field of medicine known as pathology, directing a laboratory in the hospital in which he now is, among other things, performing autopsies for the purpose of determining cause of death, and held by the court to be an expert witness. And it is seen that on 18 February 1959, the doctor performed an autopsy on the body of Ruth English Rhodes at Mark's Funeral Home in Rockingham, and that from his findings, as he described them "on and about the body of the deceased", he gave it as his opinion, satisfactory to himself, that "her death was caused by pulmonary congestion and edema due to subdural hemorrhage of the brain due to trauma," that is, "the laceration and bruises on the face and head." See *S. v. Bright*, 237 N.C. 475, 75 S.E. 2d 407; *S. v. Mays*, 225 N.C. 486, 35 S.E. 2d 494; Strong's N. C. Index Vol. 1, p. 724.

And it is not contended that there was mistake of identity, that is, that the autopsy was performed on body of other than that of defendant's wife. The doctor was testifying from facts found upon his examination. Such testimony is competent for an expert. Indeed, in the absence of evidence to the contrary it will be assumed that the autopsy was lawfully performed.

These exceptions, as contended by the Attorney General, are without foundation and involve a collateral issue as to the source from which the evidence was obtained. See *S. v. McGee*, 214 N.C. 184, 198 S.E. 616, where the Court had this to say: "Under the common law, with few exceptions, such as involuntary confessions, evidence otherwise competent is admissible irrespective of the manner in which it was obtained by the witness. The courts look to the competency of the evidence, not to the manner in which it was acquired. This rule has long been followed in the courts of North Carolina," citing cases.

Finally let it be noted that this assignment of error presents more than a single question of law for consideration by this Court, and is violative of elementary procedure. See *S. v. Atkins*, 242 N.C. 294, 87 S.E. 2d 507, citing cases.

As to assignment of error 2, based upon exceptions 13 and 14: These

exceptions challenge the voluntariness of the statement made by defendant to officers. However the record fails to show that the statements were not voluntary. And the Court, in the absence of the jury, considered evidence offered and determined the voluntariness of the incriminating statements. See *S. v. Mays, supra, S. v. Rogers,* 233 N. C. 390, 64 S.E. 2d 572.

As to assignment of error 3, based upon exception 15: This is to trial court allowing "the introduction of certain bed clothing, personal clothing, and other items as State's Exhibit No. 1." In this there is no error. See *S. v. Vann,* 162 N.C. 534, 77 S.E. 295.

As to assignment of error 4, based upon Exceptions 16 and 17: The record fails to show what the witness would have said in answer to the questions asked. Hence there is no error. See *S. v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342, and many others.

Assignment of error 8: The record expressly indicates that "this constitutes the basis" of defendant's exceptions 21 through 28. And these constitute a broadside attack on the charge, and are of no avail. *S. v. Atkins, supra.*

Assignments of error 9 and 10, based upon defendant's exceptions 29 to 39, both inclusive: These relate to the order in which the court stated the contentions of the State and defendant. This is a matter in the discretion of the court, and is not ordinarily subject to attack. If, however, there be objection to statement of a contention it is the duty of the party objecting to call the matter to attention of the court at the time, so that the court may have opportunity to correct the statement if need be. Hence no error is made to appear.

Assignments of error 11, 12 and 13 are directed to formal matters which need no express consideration. These are matters of discretion, and on the record and case on appeal fail to show error.

After careful consideration of the record and case on appeal, as a whole, prejudicial error is not made to appear. Hence in the judgment below there is

No error.