T. G. STEGALL, T/A T. G. STEGALL TRUCKING COMPANY v. McRAE PRODUCE COMPANY, INC.

(Filed 18 March 1964.)

**Trial § 57;   Judgments § 3—**

> Where, in a trial by the court under agreement by the parties, the court finds that the defendant is indebted to the plaintiff in a specified sum, but fails to adjudicate that plaintiff recovered the sum so found, *held* the facts found by the court have the force and effect of a verdict, and judgment, with interest from the time of the rendition of the verdict, should be rendered thereon by the judge holding a subsequent term when the matter is brought to his attention.

. APPEAL by defendant from *Clark, J.,* September 1963 Session of MECKLENBURG.

The verified complaint filed 9 November 1962 alleged: Plaintiff had rendered services to defendant for which defendant had contracted to pay $1348.01; defendant had paid $100, leaving a balance owing on 1 November 1962 of $1248.01.

Defendant denied plaintiff had performed any services for it, hence it was not indebted in any sum.

The cause came on for trial in June 1963. The parties waived jury trial. The presiding judge made detailed findings concluding with this finding:

> "That the defendant is indebted to the plaintiff for services rendered for matters and things as set forth in the pleadings and

STEGALL *v.* PRODUCE CO.

brought forward in the evidence of this trial in the sum of One Thousand, Two Hundred Forty-Eight and 01/100 Dollars ($1,-248.01).

"This 21st day of June 1963."

There was no adjudication that plaintiff recover the sum found to be owing. Counsel for plaintiff moved in September 1963 to correct the "judgment" rendered in June by inserting therein a paragraph assertedly inadvertently omitted, reading as follows:

"WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the plaintiff have and recover of the defendant the sum of Twelve Hundred Forty-Eight and 01/100 Dollars ($1,248.01) with interest thereon from the 4th day of August 1962, until paid, together with the costs of this action to be taxed by the Clerk."

Judge Clark found the quoted paragraph was inadvertently omitted. He thereupon adjudged that plaintiff recover from defendant the sum of $1248.01 with interest from 4 August 1962.

*Lindsey, Schrimsher & Griffin for plaintiff appellee.*
*Webb & Lee by Joseph G. Davis, Jr., for defendant appellant.*

PER CURIAM. Was the omission of the judicial declaration that plaintiff recover the sum found to be owing a clerical error? That is the technical question here debated. We find it unnecessary to answer. A jury trial having been waived, the facts found by the judge at the June Term had the force and effect of a verdict on which a judgment could, and should, have been entered. It was not only in the power of the judge but was his duty when the omission was called to his attention to render a judgment on the verdict. *Ferrell v. Hales,* 119 N.C. 199, 25 S.E. 821; *McDonald v. Howe,* 178 N.C. 257, 100 S.E. 427.

The judgment entered goes beyond the findings made in June 1963. The amount of defendant's debt was then determined. Judgment should have been entered at that time and should bear interest from 21 June 1963 in accordance with the finding then made and not from 4 August 1962 as adjudged in September 1963. The judgment will be modified so that the sum adjudged to be owing will bear interest from 21 June 1963 and not from 4 August 1962.

Modified and affirmed.